378 A.2d 321

**COMMONWEALTH of Pennsylvania**

v.

**Irma Edith SHOPE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

Oliver E. Mattas, Jr., Assistant Public Defender, Altoona, for appellant.

William J. Haberstroh, Assistant District Attorney, Altoona, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Blair County by the defendant-appellant, Irma Edith Shope, after a plea of guilty to charges of involuntary manslaughter and two counts of endangering the welfare of children. The charges were filed resulting from the death of Leonard Edward Shope, Jr., age five. She was sentenced on involuntary manslaughter to undergo imprisonment in the State Correctional Institute for Women at Muncy for a period of not less than two and one-half (2½) years nor more than five (5) years.

On the charge of endangering the welfare of children, she was sentenced to undergo imprisonment at the Muncy Institute for a period of not less than one (1) year nor more than two (2) years. Credit was given for the time already served.

"The trial court has broad discretion in imposing sentences. . . . However, this court has the power to

modify obviously excessive sentences, but has rarely utilized that power, preferring instead to rely on the good judgment of the trial court." Recently our Supreme Court has expanded the scope of appellate review of sentencing and placed greater requirements on our trial courts with regard to explaining their sentences. See *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). In our case, however, the court below conducted a very careful sentencing procedure. It considered the magnitude and seriousness of the charges and ordered a pre-sentence investigation, including a complete psychiatric, psychological and sociological evaluation which it carefully studied and had before it at the time of sentencing. Therefore, we hold that the trial court did not abuse its discretion in imposing the sentence that it did.

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.