418 A.2d 499

**COMMONWEALTH of Pennsylvania**

v.

**George E. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Jan. 18, 1980.

Terence L. Faul, Bangor, for appellant.

John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.*

WIEAND, Judge:

On March 26, 1975, George E. Williams, appellant, was convicted by a jury of robbery[1] and conspiracy[2]. Following dismissal of post–trial motions, he was sentenced to pay costs, make restitution, and undergo imprisonment for not less than seven and one–half years nor more than fifteen years. The Superior Court affirmed the judgment of sentence by per curiam order issued on July 21, 1977[3], and the Supreme Court denied allocatur.

On October 28, 1977, appellant filed a Post–Conviction Hearing Act Petition alleging that counsel had been ineffective for (1) failing to move to suppress the in–court identification testimony of James Johnson, an eyewitness; (2) failing to investigate and call an alibi witness; (3) failing to request pre–trial statements made by the eyewitnesses at the scene; and (4) failing to cross–examine a co–conspirator who testified against appellant regarding (a) a prior criminal conviction and (b) an alleged deal made with the District Attorney. Appellant further alleges that his sentence should be vacated because the sentencing court failed to comply with the standards enunciated by the Supreme Court in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Following an evidentiary hearing, appellant's petition was denied on July 19, 1978. This appeal is from that order.

* Judge Donald E. Wieand is sitting by special designation.

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. 249 Pa.Super. 578, 377 A.2d 191 (1977).

■ Appellant's ineffectiveness of counsel claim is viable despite evidence that new appellate counsel (other than trial counsel), with leave of court, filed an additional brief in the Superior Court while the appeal filed by trial counsel was pending. The additional brief, written by Attorney Vincent Ziccardi, alleged, inter alia, that trial counsel was ineffective because he had not moved to suppress the identification testimony of a witness. The Superior Court, without written opinion, affirmed appellant's judgment of sentence per curiam. Trial counsel alone petitioned the Supreme Court for allowance of appeal. The Commonwealth argues that, in light of Ziccardi's brief and the per curiam affirmance, the errors alleged in appellant's P.C.H.A. petition have been either finally litigated or waived. See: Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, No. 554, §§ 3d, 4, 19 P.S. §§ 1180–3(d), 1180–4. We disagree.

Testimony at the P.C.H.A. hearing divulged that, unbeknownst to appellant, Ziccardi had been employed by appellant's stepfather. Appellant testified that he did not speak with Ziccardi and did not see the brief which he filed with the Superior Court. Thus, appellant, unaware of Ziccardi's efforts, could not have "knowingly and intelligently" waived his right to raise issues of ineffectiveness. See: 19 P.S. § 1180–4(b)(i). Moreover, appellant's claim of ineffectiveness has not been finally litigated by virtue of the per curiam affirmance. We have held consistently that a claim of ineffectiveness cannot be disposed of on direct appeal unless appellate counsel is other than trial counsel and the grounds upon which the claim is based appear of record. See: *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). See also: *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Babb*, 246 Pa.Super. 471, 371 A.2d 933 (1977). The issues raised in appellant's petition required an evidentiary hearing to determine trial counsel's competence under the standards set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). See: *Commonwealth v. Jackson*, 239 Pa. Super. 121, 362 A.2d 324 (1976); *Commonwealth v. Benja-*

*min,* 219 Pa.Super. 344, 280 A.2d 625 (1971). Therefore, under the unique facts of this case, we hold that this Court's per curiam affirmance was not a final determination of the merits. Therefore, appellant's right to seek post–conviction relief has not been extinguished.

Briefly stated, the facts are as follows: during the early morning hours of October 8, 1974, appellant, Henry Curtis James, and a third confederate, now deceased, held up the Three Colts Bar in Easton, Pennsylvania. Present in the bar at the time of the robbery were two patrons and the bartender, all of whom testified at trial. The only patron able to identify appellant positively was James Johnson. The co–conspirator, Henry Curtis James, testified on behalf of the Commonwealth that he, appellant and a third person had agreed to and did rob the bar. At the time of appellant's trial, James had already entered pleas of guilty to charges of robbery and conspiracy and was awaiting sentence. Appellant testified in defense that he was in Philadelphia on the night of the robbery.

Appellant asserts that trial counsel was ineffective for failing to seek suppression of the identification testimony of James Johnson who, on direct examination, identified appellant as the one who had robbed him at knifepoint. On cross–examination, trial counsel elicited that Johnson had seen appellant at the preliminary hearing. Appellant argues that trial counsel should thereupon have moved to suppress Johnson's testimony. The meeting at the preliminary hearing, appellant contends, was an impermissible one–on–one confrontation which tainted the later in–court identification and required suppression.

Johnson, although present at the preliminary hearing, was not then called to testify. Thus, counsel did not know that he would be able to identify appellant as one of the robbers. At the P.C.H.A. hearing, the testimony showed that several blacks, in addition to appellant, had been present at the hearing. While this evidence tends to refute appellant's allegation that the preliminary hearing was an overly suggestive one–on–one confrontation, we need not further eval-

uate the propriety of such confrontation. The P.C.H.A. hearing court found, based on substantial evidence, that Johnson's in–court testimony had had a basis independent of the confrontation at the preliminary hearing. See: *Commonwealth v. Farrell,* 265 Pa.Super. 41, 401 A.2d 790 (1979).

An in–court identification may be admitted if, considering the totality of the circumstances, it has "an independent origin sufficiently distinguishable from the impermissible pre–trial encounter so as to be purged of any taint of that initial illegality." *Commonwealth v. Davis,* 264 Pa.Super. 505, 509, 400 A.2d 199, 201 (1979). See: *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978); *Commonwealth v. Fowler,* 466 Pa. 198, 352 A.2d 17 (1976). The burden is on the Commonwealth to establish by clear and convincing evidence that "the totality of the circumstances affecting the witness's identification did not involve a substantial likelihood of misidentification." *Commonwealth v. Fowler,* supra, 446 Pa. at 203, 352 A.2d at 19. See: *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In making this determination, consideration must be given to:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

*Neil v. Biggers,* supra at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411; *Commonwealth v. Fowler,* supra 466 Pa. at 206, 352 A.2d at 21; *Commonwealth v. Farrell,* supra, 265 Pa.Super. at 50, 401 A.2d at 795.

Instantly, Johnson testified that he had observed three young, black males walking ahead of him on the sidewalk just moments before entering the bar. He said that they entered the bar a short time after he had entered and announced a hold–up. Appellant stood behind Johnson and

placed a sharp, metallic object in his back. Johnson spun around and faced appellant, but appellant commanded him not to move and proceeded to empty Johnson's pockets. Although appellant stood behind Johnson during much of the robbery, Johnson testified that he was able to observe appellant for several minutes. After the robbers had fled, Johnson and the other two eyewitnesses gave the investigating officers a general description of the three men. This description did not vary from the actual appearance of the robbers.

Evaluating the totality of the circumstances we agree with the court below that Johnson's identification had an independent basis sufficient to preclude a "substantial likelihood of misidentification." See: *Commonwealth v. Williams*, 262 Pa.Super. 508, 521, 396 A.2d 1286, 1292 (1978).

Because the in-court identification had an independent basis, a motion to suppress Johnson's testimony would have been fruitless. Therefore, counsel was not ineffective. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979); *Commonwealth v. Fisher*, 243 Pa.Super. 128, 364 A.2d 483 (1976).

Appellant next contends that trial counsel rendered ineffective assistance in failing to call appellant's mother as an alibi witness. The failure to call a possible alibi witness is not per se ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 274, 312 A.2d 378, 381–382 (1973); *Commonwealth v. Olivencia*, 265 Pa.Super. 439, 449, 402 A.2d 519, 523 (1979); *Commonwealth v. Washington*, 239 Pa.Super. 336, 344, 361 A.2d 670, 674 (1976). It is only where it is shown that a defendant has informed his attorney of the existence of an alibi witness and trial counsel, without investigation and without adequate explanation, fails to call the witness at trial that counsel will be deemed ineffective. *Commonwealth v. Adams*, 465 Pa. 314, 321, 350 A.2d 412, 416 (1976); *Commonwealth v. Owens*, supra 454 Pa. at 272, 312 A.2d at 381. Thus, to prevail, a defendant must establish

that defense counsel knew of the existence of the alibi witness and that the alibi testimony would have been beneficial to his or her case. *Commonwealth v. Adams,* supra; *Commonwealth v. Yarbough,* 248 Pa.Super. 356, 361–362, 375 A.2d 135, 138 (1977).

■ Appellant has failed to establish that trial counsel was aware that appellant's mother could offer alibi testimony. At the P.C.H.A. hearing, trial counsel testified that he questioned appellant about possible defenses and appellant replied that a named woman who lived in Easton could provide him with an alibi defense. Despite diligent efforts, both before and during trial, counsel could not contact this witness. Trial counsel further testified that appellant never mentioned his mother as a possible alibi witness. Appellant, although testifying that he informed trial counsel that he had been with his mother, admitted that he had made no effort to contact his family following his arrest. The hearing judge resolved this factual issue in favor of trial counsel, and his determination, being supported by the evidence, will not be disturbed. See: *Commonwealth v. Stago,* 267 Pa.Super. 90, 406 A.2d 533 (1979). Thus, it was not until appellant testified at trial that counsel became aware that appellant was claiming to have been with his mother in Philadelphia. Having been unaware of an additional alibi witness prior thereto, counsel cannot be deemed ineffective for failing to call Mrs. Williams as a witness. See: *Commonwealth v. Owens,* supra; *Commonwealth v. Lochman,* 265 Pa.Super. 429, 402 A.2d 513 (1979); *Commonwealth v. Yarbough,* supra.

■ Appellant next argues that counsel was ineffective for failing to request that he be permitted to see pre–trial statements made by eyewitnesses to the investigating officers on the night of the robbery. At trial, counsel requested police reports concerning the initial police investigation as it pertained to James Johnson, but this request was refused by the trial court (N.T. 19). At the P.C.H.A. hearing, trial counsel testified that statements made by appellant's co–conspirator had been made available to him. The police

documents introduced at the P.C.H.A. hearing, however, were statements of two eyewitnesses who could not identify appellant. These statements were of no value to appellant. Appellant has not established that any other pre–trial statements existed or that their contents would be helpful. Without proof that statements existed which would have been helpful to the defense, appellant cannot sustain an allegation of ineffectiveness. *Commonwealth v. Johnson*, 479 Pa. 60, 62, 387 A.2d 834, 834–835 (1978); *Commonwealth v. Yarbough*, supra 248 Pa.Super. at 362–363, 375 A.2d at 139.

Appellant's final claim of ineffectiveness is that defense counsel failed to cross–examine Henry Curtis James, the co–conspirator who inculpated appellant, regarding an alleged "deal" reached with the District Attorney and a prior conviction. We disagree. Counsel will be deemed effective if we are "able to conclude that the particular course chosen by counsel had *some reasonable basis*, designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, supra 427 Pa. at 604, 235 A.2d at 352. See also: *Commonwealth v. Hubbard*, supra. Furthermore, a finding of ineffectiveness is improper unless we conclude "that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney*, supra 427 Pa. at 605, n.8, 235 A.2d at 353, n.8.

In the instant case, the "deal" was explained to the jury by James on direct examination. The Commonwealth elicited that James had already pleaded guilty to robbery and conspiracy charges arising from the instant incident, that he was awaiting sentencing, and that his pre–sentence report was to reflect the fact that he cooperated with the authorities in their investigation.

The prior conviction involved here was for the theft of a bicycle. At trial, trial counsel cross–examined James at length. When trial counsel attempted to question James about prior criminal activity, the trial court sustained the Commonwealth's objection. The next Commonwealth wit-

ness was the police detective who arrested appellant and James. Trial counsel cross–examined this officer about the circumstances surrounding his discussion with James during which James confessed to the robbery and inculpated appellant. Trial counsel was able to elicit that prior to James's arrest on the instant charges, James was incarcerated on charges stemming from an unrelated incident. After the Commonwealth rested, the trial court informed counsel that it had qualified its earlier ruling disallowing inquiry into James's prior criminal activity and would permit counsel to recall James to cross–examine him concerning his one conviction for stealing a bicycle. Counsel, however, declined to recall James and presented his case.

■ Under these circumstances, trial counsel could reasonably have decided that an interruption of trial to recall James for the sole purpose of eliciting a conviction for bicycle theft would add little if anything to appellant's defense in light of the jury's knowledge that James, prior to his arrest, had been incarcerated and charged with other criminal offenses. Similarly, we cannot hold trial counsel ineffective for failing to cross–examine James on matters that were elicited on direct examination. In sum, further cross–examination of James on these two issues would have been cumulative and would not have offered a "potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney*, supra. Therefore, appellant has failed to meet his burden to show trial counsel incompetent.

Finally, appellant asserts that his sentence must be vacated because the sentencing judge did not comply with the standards announced in *Commonwealth v. Riggins*, supra, which requires the sentencing judge to place his reasons for the sentence on the record.

■ The imposition of sentence is a matter vested in the sound discretion of the trial judge whose determination will not disturbed in the absence of a manifest abuse of discretion. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 310,

401 A.2d 1223, 1225 (1979); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 500, 393 A.2d 935, 937 (1978). In 1975, the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S. § 1321(b), required that the trial court adhere to "the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." See: *Commonwealth v. Mahan*, 271 Pa.Super. 396, 413 A.2d 725 (1979). Section 1325, 18 Pa.C.S. § 1325, provides that imprisonment is appropriate if the trial court, "having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, . . . is of the opinion that the total confinement of the defendant is necessary because: (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime; (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or (3) a lesser sentence will depreciate the seriousness of the crime of the defendant." To further compliance with these principles and to afford the appellate courts a basis of review, the trial court must place on the record its reasons for imposing sentence. *Commonwealth v. Riggins*, supra; *Commonwealth v. Farrar*, 271 Pa.Super. 434, 413 A.2d 1094 (1979).

In the case at bar, the trial judge ordered a pre–sentence report and conducted an on the record colloquy. The trial court discussed with defense counsel appellant's age, intelligence, maturity, education, prior record and the type of his companions and their influence upon appellant's actions. The trial judge concluded:

"Well now, it's armed robbery, Mr. Williams, and armed robbery in my book is next to murder. I can't give you a light sentence for this offense. I cannot; it's impossible for me to do it. The people in this community are entitled to be protected against this kind of conduct. Insofar as the courts and their sentencing can help provide that protection, we propose to do so.

"With that in mind, the sentence of the court is that you, George E. Williams, Jr., pay the costs of prosecution, make full restitution of the money and property stolen, unless you have already done so, undergo imprisonment in a state institution for a period of not less than seven and one-half years, no more than fifteen years, with full credit for all time hitherto served."

The trial court, in its memorandum opinion, stated that the sentence was based on the nature of the offense and the contents of the pre–sentence report and was within the statutory limits.

 The colloquy clearly establishes that the trial court based its conclusion upon a consideration of the factors enumerated in the Sentencing Code. Although the trial court's statement of reasons is less than comprehensive, the sentence is nevertheless valid. In *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978), we stated:

It is better practice for the court to include in its statement of reasons for the sentence some reference to the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence. *Commonwealth v. Riggins*, supra. Still, we should not hold a statement of reasons insufficient, and therefore require vacation and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them.

Id., 259 Pa.Super. at 534, 393 A.2d at 954. See also: *Commonwealth v. Bachert*, 271 Pa.Super. 72, 412 A.2d 580 (1979).

Here, the trial court considered the magnitude and seriousness of the offense and the public's need for protection in light of appellant's history and circumstances as reflected in the pre–sentence report. We are satisfied that the trial court based its decision on appropriate considerations and perceive no abuse of discretion in sentencing. See: *Commonwealth v. Shope*, 249 Pa.Super. 331, 378 A.2d 321 (1977).

Order affirmed.