J-S56027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :   PENNSYLVANIA
                                           :

           v.                                :
                                           :

HAKEEM MOORE                      :
                                         :

           Appellant               :   No. 229 EDA 2019

Appeal from the PCRA Order Entered January 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004439-2008

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:            **FILED DECEMBER 23, 2019**

Appellant, Hakeem Moore, appeals from the order entered on January 9, 2019 dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On February 18, 2011, following a jury trial[, Appellant] was found guilty of first-degree murder, robbery, and possessing instruments of crime. [Appellant] was sentenced that same day to the mandatory term of life in prison for first-degree murder, and to concurrent sentences for the other convictions. […O]n February 29, 2012, [this] Court affirmed [Appellant's] judgment of sentence. On March 1, 2013, our Supreme Court denied [Appellant's] petition for [allowance of appeal].
>
> [Appellant] filed the instant timely [PCRA] petition on July 9, 2013. On January 8, 2014, [Appellant] was appointed counsel. However, on February 25, 2015, counsel was relieved and, two days later, new counsel was appointed. On July 3, 2015, counsel for Appellant filed a [no-merit] letter [pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)]. However, counsel for [Appellant] did not address all of the issues raised in [Appellant's] *pro se* filing, so [the PCRA court] instructed him to do so. However, on August 3, 2015, before counsel for [Appellant] could comply, [Appellant] filed a motion to proceed *pro se*. [A hearing held pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998)] took place on January 26, 2016, after which [Appellant] was allowed to proceed *pro se* and given time to submit [an amended] filing. [Appellant's] amended PCRA petition was filed on July 5, 2016. On October 13, 2016, the Commonwealth filed a motion to dismiss. After evaluation, [the PCRA c]ourt granted an evidentiary hearing as to [Appellant's] claim regarding trial counsel's ineffectiveness for choosing not to pursue an *alibi* defense or present [] alibi witnesses. Though a colloquy conducted at trial showed that [Appellant] mentioned that he did not have any *alibi* witnesses to present, [Appellant] asserted that he only waived the testimony of those witnesses after counsel spoke with [Appellant] off[-]the[-]record. [The PCRA c]ourt ordered that [Appellant] be appointed counsel for the evidentiary hearing, however, counsel was not appointed until April 4, 2018. [Appellant's] bifurcated evidentiary hearing took place on July 23, 2018 and August 2, 2018. At the conclusion of the hearing, [the PCRA court's] decision was held under advisement. On December 28, 2018, [the PCRA court] issued an order dismissing [Appellant's] PCRA petition. On January 9, 2019, [the PCRA court] amended its order dismissing [Appellant's] PCRA petition [to clarify that Appellant was entitled to counsel on appeal].

PCRA Court Opinion, 5/16/2019, at 1-3 (footnotes omitted). This timely, counseled appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Did the PCRA [c]ourt err and/or abuse its discretion when it denied [Appellant's] petition under the PCRA seeking a new trial based

---

[1] On January 18, 2019, appointed counsel for Appellant filed a notice of appeal. On February 14, 2019, Appellant filed a counseled statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 16, 2019.

upon a claim that trial counsel was ineffective for failing to present two *alibi* witnesses at trial?

Appellant's Brief at 4.

Appellant claims that trial counsel was ineffective for failing to call purported *alibi* witnesses at trial. ***Id.*** at 23-47. More specifically, Appellant argues that privately retained trial counsel failed to call three *alibi* witnesses identified in a prior notice of *alibi* filed by appointed counsel who no longer represented Appellant. ***Id.*** at 14. Appellant claims that Lisa Jabbar Moore (Appellant's mother), Shakeya Shavis, n.k.a., Shakeya Johnson (the mother of Appellant's child), and Marcell Miller (Appellant's longtime friend) were present for trial and prepared to testify that Appellant was at his mother's home, thirty minutes away from the scene of the shooting, at the time of the crimes. ***Id.*** at 17-19. Appellant acknowledges that the trial court colloquied him at the close of the Commonwealth's case regarding his right to testify and present witnesses, but argues that he was confused when he agreed not to present witnesses or testify on his own behalf. ***Id.*** at 42-43. Appellant claims that "he believed that his mother and Marcell Miller would still be called to testify, but that the defense would not call Shakeya Johnson (nee Shavis) because of their troubled relationship" which included, "alleged acts of violence towards her." ***Id.*** at 43.

Furthermore, Appellant claims that the PCRA court erred by determining that trial counsel had a reasonable strategy for not calling the proffered witnesses because Appellant "admitted to counsel that [Appellant] committed

the murder multiple times prior to trial." *Id.* at 44. Appellant claims that the record belies trial counsel's claim that Appellant confessed to committing the crimes because: (1) Appellant denies making the confession; (2) trial counsel did not withdraw the *alibi* notice until the first day of trial despite claiming to have received Appellant's confession at several different meetings beforehand; (3) trial counsel concedes that he made no file notations documenting the confession; (4) Appellant "gave up the considerable constitutional benefit of free counsel, and opted to hire a private attorney to mount an *alibi* defense against charges that carried a life sentence without the possibility of parole[;]" (5) "the witnesses appeared at trial with the intent of testifying[;]" and, (6) Appellant initially told the trial court that he wanted to present witnesses, but there was a misunderstanding with counsel. *Id.* at 44-46.

Finally, Appellant claims that he was prejudiced by trial counsel's stewardship "when [counsel] failed to present *alibi* testimony to rebut the Commonwealth's case premised on a single, exceedingly reluctant, non-verbal identification from a witness so unstable that she had to be repeatedly excused during her testimony." *Id.* at 46. Based upon all of the foregoing allegations of trial counsel ineffectiveness, Appellant claims that "if the jury had been presented with *alibi* evidence, there is a reasonable probability that at least one juror would have paused or hesitated and thus had a reasonable doubt as to [Appellant's] guilt." *Id.* at 46-47. Accordingly, Appellant maintains that

his convictions should be vacated and the matter remanded for a new trial.

*Id.* at 47.

We adhere to the following standard:

[T]his Court [must] determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Moreover, the PCRA court's credibility determinations, when supported by the record, are binding on this Court.

*Commonwealth v. Payne*, 210 A.3d 299, 312 (Pa. Super. 2019).

Furthermore,

[i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Miller*, 212 A.3d 1114, 1126 (Pa. Super. 2019) (citation omitted).

"The failure to call a possible *alibi* witness is not *per se* ineffective assistance of counsel." *Commonwealth v. Williams*, 418 A.2d 499, 503, (Pa. Super. 1980) (citations omitted). "It is only where it is shown that a defendant has informed his attorney of the existence of an alibi witness and

trial counsel, **without investigation and without adequate explanation**, fails to call the witness at trial that counsel will be deemed ineffective." *Id.* (citations omitted; emphasis added). "[T]here can be no ineffectiveness of trial counsel for failure to call an *alibi* witness when the defendant admits that [] testimony would be perjured. Counsel cannot be held ineffective for failure to suborn perjury." *Commonwealth v. Hall*, 701 A.2d 190, 201 (Pa. 1997); *see also Commonwealth v. Chmiel*, 738 A.2d 406, 415 (Pa. 1999) (trial counsel may rebut a claim of ineffectiveness for failing to call an *alibi* witness when his client tells him more than one version of the events at issue and there was a risk of suborning perjury if the *alibi* witness testified at trial).

Here, trial counsel testified that he was aware that prior counsel representing Appellant filed an *alibi* notice listing the three witnesses as set forth above. N.T., 7/23/2018, at 9. Trial counsel testified that he formally withdrew the *alibi* notice "based on [his] investigation and discussion[s] with [Appellant,]" and that counsel informed Appellant "it would be suborning perjury to have the *alibi*[s] continue, and that's why [he] withdrew [the *alibi* notices] as soon as the trial started." *Id.* at 10. Counsel testified that Appellant admitted he "was at the scene [of the crimes] and told [counsel] that he did it." *Id.* Trial counsel testified that Appellant told him that only a hood disguised him at the time of the crimes and that the decedent recognized him just before the murder and asked Appellant not to shoot him. *Id.* at 11. Trial counsel testified that Appellant was afraid he would be identified and so he "had to do what [he] had to do" by shooting the victim. *Id.* Accordingly,

trial counsel testified that he knew the purported *alibis'* testimony would be untrue. ***Id.*** at 16.

The PCRA court found trial counsel's testimony credible, the record supports that determination, and we will not disturb the court's findings. In this case, Appellant admitted to trial counsel that his *alibi* defenses were false. Thus, trial counsel cannot be held ineffective for failing to present perjured testimony. Accordingly, there was no merit to Appellant's PCRA claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/19