393 A.2d 951

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph I. WAREHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Oct. 27, 1978.

528

George B. Ditter and Calvin S. Drayer, Jr., Assistant Public Defenders, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On December 9, 1975, appellant was found guilty of simple assault, possession of a weapon, recklessly endangering another, and terroristic threats.[1] On February 18, 1976, appellant was sentenced to consecutive sentences of 1 to 2 years for simple assault and possession of a weapon, these sentences to be served concurrently with consecutive sentences of 2½ to 5 years for recklessly endangering another and terroristic threats. These combined sentences, in effect amounting to a sentence of 5 to 10 years in a state institution, were to be served consecutive to a sentence of 10 to 20 years that appellant was serving on another charge.[2]

Appellant appealed to this court but then filed a petition asking that the case be remanded to the lower court so that he could file a petition for reconsideration of the sentences. We granted this petition. On February 28, 1977, the lower court held a hearing on appellant's petition for reconsideration, and on March 1 entered an order denying the petition. This appeal is from that order. Appellant argues that the

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. §§ 2701, 907(b), 2705, 2706, respectively.

2. Appellant must therefore serve the minimum of the 10 to 20 year sentence before becoming eligible for parole or pre-release on the sentences imposed in this case. Given the lower court's reasons for its sentences, discussed *infra*, this result was intended.

sentences are in combination manifestly excessive, assigning as his reasons the nature of the charges, the consecutive aspect of the sentences, and the facts that he was only 21, and a first offender.

Our system of indeterminate sentencing "necessitates the granting of broad discretion to the trial judge, who must determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed." *Commonwealth v. Martin*, 466 Pa. 118, 130, 351 A.2d 650, 656 (1976). Usually the sentence is left undisturbed on appeal because the lower court is in a far better position than an appellate court to weigh the factors involved in determining a proper sentence. *Id.*, 466 Pa. at 131, 351 A.2d at 657. However, in making its determination the lower court must exercise its discretion within certain procedural limits. First: The court must have "sufficient and accurate information." *Id.*, 466 Pa. at 131–32, 351 A.2d at 657. In order to obtain this information the court may order a pre-sentence investigation report, Pa.R.Crim.P. 1403 A(1); in certain cases, in fact, it must order such a report, or state of record why it did not, Pa.R.Crim.P. 1403 A(2). Also, the court must afford the defendant the opportunity to make a statement in his own behalf, and afford counsel, both for the defendant and the Commonwealth, the opportunity to present argument and information relative to the sentence. Pa.R.Crim.P. 1405(a). Second: The court must consider the defendant's individual characteristics and the circumstances of the particular offense, *Commonwealth v. Martin, supra,* and also the guidelines specified in the Sentencing Code, *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). And finally: In imposing sentence the court must state on the record its reasons for the sentence, *Commonwealth v. Riggins, supra* ; *see also* Pa.R.Crim.P. 1405(b) (as amended 5/22/78), and advise the defendant of his right to appeal the sentence, Pa.R.Crim.P. 1405(c). If the court does not state its reasons for the sentence, the sentence will on appeal be vacated and the case remanded to afford the court an opportunity to resentence the defendant and to include a

statement of reasons. *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins, supra; Commonwealth v. Wertz*, 252 Pa.Super. 584, 384 A.2d 933 (1978).

In its opinion [3] the lower court gives the following account of the circumstances of the offense:

> On January 18, 1975, [appellant] and the victim Edward Wojtowicz, met by chance in Willow Grove at about 8:30 P.M. [Appellant] asked Wojtowicz to get him some beer and the latter refused. Their paths crossed again, this time resulting in a car chase through portions of Abington Township, [appellant's] car pursuing Wojtowicz. [Appellant's] car was stopped by the police for speeding, and Wojtowicz proceeded to a friend's house in Roslyn. [Appellant] found Wojtowicz there at about 11:30, seized him and tried to drag him into a car. Wojtowicz struggled, but was thrown against the head of the car where [appellant] placed a knife at his throat and told him to get into the car or he was going to die. In the course of this, Wojtowicz received a four centimeter superficial cut at the Adam's apple. One of [appellant's] companions told him to let Wojtowicz go, and he did. Slip Opinion at 2–3.

The lower court stated its evaluation of appellant's individual characteristics, and its reasons for the sentence, as follows:

**3.** The opinion was filed on May 3, 1976, after appellant's initial appeal to this court. The lower court also filed a supplemental opinion, after the hearing on appellant's petition for reconsideration, in which it said:

> A hearing was held on February 28, 1977, after which the petition for reconsideration was denied. [Appellant] has renewed his appeal. The sole issue is whether the sentence was excessive. This issue has been extensively addressed by the Court in its opinion dated May 3, 1976. It would serve no purpose to reiterate what was said there. The recent hearing produced nothing which, in the opinion of this Court, changes the validity of the views previously expressed.

Supplemental Slip Opinion at 1.

Accordingly, in reviewing the lower court's sentences we shall rely on the reasons stated in its original opinion.

The pre-sentence investigation reveals that [appellant], now age 21, has an extensive juvenile record including two burglaries and the beating and rape of a fifteen year old girl. As an adult, this pattern continued, and he was convicted of rape and involuntary deviate sexual intercourse committed at gun point with another. [Appellant's] history is one of total maladjustment to society, and repeated involvement in violent crime. Although not charged, he committed the crime of escape while awaiting sentence on this and the rape charge. It was this Court's opinion that he will likely be a threat to society during his entire lifetime. Slip Opinion at 3.

■ It is apparent from this statement that in exercising its discretion to determine what sentence was proper, the lower court acted within the procedural limits imposed upon it.

First: The court had sufficient and accurate information, including a pre-sentence investigation report; the court also had a report of the results of psychiatric observation and examination, see Pa.R.Crim.P. 1403 B. Indeed, appellant does not argue to the contrary; nor does he argue that the court denied him the opportunity to make a statement in his behalf, or denied his counsel the opportunity to present argument and information relative to the sentence.[4]

Second: The court expressly considered appellant's individual characteristics and the circumstances of the particular offense. It is true that the court did not expressly refer to the guidelines specified in the Sentencing Code, but for reasons that will be discussed, we are satisfied that the court did consider, and follow, those guidelines.

■ Finally: The court stated the reasons for the sentence. It is true that the court's statement may be read as

4. In fact the record clearly shows that the court afforded appellant the opportunity to make a statement in his behalf, N.T. Sentencing, 14, 20–22, and that his counsel had the opportunity to present argument and information relative to the sentence, id., 6, 8–14, 18–20. Further, counsel for the Commonwealth was given an opportunity to comment regarding the sentence. Id., 3, 5–7, 15–18.

comprising only one sentence, and as giving only one reason ("that [appellant] will likely be a threat to society during his entire lifetime"), but that would be improper for it would amount to taking the statement out of context. It is better practice for the court to include in its statement of reasons for the sentence some reference to the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence. *Commonwealth v. Riggins, supra.* Still, we should not hold a statement of reasons insufficient, and therefore requiring vacation and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them.

The Sentencing Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1301, added Dec. 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. § 1301 *et seq.*, provides that the sentence may be one or more of the following alternatives, which may be imposed consecutively or concurrently: (1) an order of probation; (2) a determination of guilt without further penalty; (3) partial confinement; (4) total confinement; and (5) a fine. 18 Pa.C.S.A. § 1321(a). The Code further provides that in selecting from these alternatives,

> the court shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection with the public, the gravity of the offense, and the rehabilitative needs of the defendant.

When this general principle is applied here, it is apparent that the lower court was warranted in imposing a sentence of total confinement. The offense, while not as grave as many, was nevertheless of considerable gravity; it might, indeed, have resulted in the victim's serious injury or even death. Moreover, appellant's personal history gave the court no reason to suppose that a lesser sentence than total confinement would enable appellant to rehabilitate himself, but to the contrary, suggested that he would commit another violent crime.

The propriety of a sentence of total confinement is further apparent when one considers other guidelines specified in the Code. Thus § 1325 of the Code provides:

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

18 Pa.C.S.A. § 1325.

§ 1322 of the Code is also pertinent. This section itemizes twelve different grounds to be "accorded weight in favor of an order of probation." Upon consulting it, one will see that not one of these grounds suggests that an order of probation would have been proper here, which is simply another way of saying that a sentence of confinement was proper. For example, to cite the first ground: "The criminal conduct of the defendant neither caused nor threatened serious harm." 18 Pa.C.S.A. § 1322(1) Here, appellant's conduct did threaten serious harm.

The only question remaining, therefore, is whether in imposing so long a sentence of total confinement the lower court abused its discretion. Granted, the sentence is long, especially since it is to be served consecutive to another, 10 to 20 year, sentence; it was, nevertheless, not so long as to represent an abuse of discretion. Several reasons support this conclusion. To make the sentence concurrent would in effect have imposed no additional punishment. In imposing additional punishment of, in total, 5 to 10 years, the court did not impose so long a sentence as it might have. The weapons and terroristic threat offenses are misdemeanors of

the first degree. Simple assault and recklessly endangering another are misdemeanors of the second degree. The former carries a maximum penalty of five years imprisonment, the latter two years.[5] Therefore the maximum sentence could have been 7 to 14 years. Finally, the record supports the lower court's appraisal of appellant as "likely [to] be a threat to society during his entire lifetime."

Affirmed.

JACOBS, President Judge, and CERCONE and PRICE, JJ., concur in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

5.   The Crimes Code, *supra*, 18 Pa.C.S.A. § 1104(1) and (2).