412 A.2d 578

**COMMONWEALTH of Pennsylvania**

v.

**Thurman HAYES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1979.

Filed Oct. 19, 1979.

Petition for Allowance of Appeal Denied April 29, 1980.

Malcolm M. Limongelli, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

NIX, Justice:

Appellant Hayes was charged with third degree murder, aggravated assault, simple assault, recklessly endangering another person, carrying a firearm without a license, and possession of instruments of crime, all of which arose out of an incident in February, 1978 in which James Matthew Gregory was killed. After extensive plea bargaining, appellant pled guilty to third degree murder and the other charges were dismissed by *nolle prosequi.* Appellant contends that the sentence he received—a minimum of seven

---

\* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

years and a maximum of twenty years imprisonment—is defective in that the sentencing judge failed to adequately set forth the reasons for the sentence imposed and that the sentence is excessive. For the reasons stated below, we affirm the judgment of sentence.

Appellant's first contention is controlled by today's decision in *Commonwealth v. Bachert,* 271 Pa.Super. 72, 412 A.2d 580 (1979). There we stated that in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), the Supreme Court held that the trial court should place on the record its reasons for imposing the particular sentence chosen. The Court believed that absent such a statement of reasons, the record would not reveal whether the trial court had considered the legislatively mandated factors set forth in the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, *as amended,* 18 Pa.C.S.A. §§ 1301 *et seq.* The *Riggins* Court recognized that "[t]raditionally, appellate courts have left sentences undisturbed on appeal because of the view that the trial court is in a far better position to weigh the factors involved in sentencing determinations." 474 Pa. at 123, 377 A.2d at 144.

Although the reasons set forth by the trial court for the sentences imposed were devoid of explication, they still may be valid. In *Commonwealth v. Wareham,* 259 Pa.Super. 527, 393 A.2d 951 (1978) the Court stated:

It is better practice for the court to include in its statement of reasons for the sentence some reference to the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence. *Commonwealth v. Riggins, supra.* Still, we should not hold a statement of reasons insufficient, and therefore require vacation and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them.

259 Pa.Super. at 534, 393 A.2d at 954.

As suggested by the *Wareham* decision, the thrust of *Riggins* was to require the trial judge to provide a record

with reference to the sentence or sentences imposed which would allow a meaningful appellate review. The major concern was that the record should reflect those factors which were considered by the court in the sentencing decision. An enumeration of those factors, as in the case at bar, permits the reviewing court to ascertain whether the decision was based upon appropriate considerations and also permits an evaluation as to whether the listed factors justified the sentence actually imposed. Such an enumeration circumscribes the "unlimited, unstructured and irrevocable discretion" which the *Riggins* Court found offensive. *Commonwealth v. Riggins*, supra, 474 Pa. at 123, 377 A.2d at 144. Although, as stated in *Wareham*, the better practice in the trial court would be to explain on the record its judgment as to how the various guidelines affected the sentencing decision, we nevertheless cannot say that *Riggins* has been violated where the sentencing court has merely listed those factors that it considered in reaching its determination.

*Commonwealth v. Bachert*, 271 Pa.Super. at 82–83, 412 A.2d at 585–586 (footnote omitted).

The Sentencing Code, at the time of the sentencing in this case, required the court to

follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

18 Pa.C.S.A. § 1321(b).

■ In the instant case, it is clear that the sentencing judge took into account the gravity of the offense, punishment, the need for rehabilitation, further deterrence of similar crimes, and the protection of society and the public in arriving at the sentence imposed upon appellant. Under these circumstances, the requirements of *Riggins* were satisfied.

72

■ Nor do we believe that appellant's sentence of between seven and twenty years' imprisonment was excessive. Third degree murder has been classified by the legislature as a felony of the first degree, 18 Pa.C.S.A. § 2502(c), which is punishable by imprisonment "for a term which shall be fixed by the court at not more than 20 years." 18 Pa.C.S.A. § 1103(1), or by a fine not exceeding $25,000, 18 Pa.C.S.A. § 1101(1), or both, 18 Pa.C.S.A. § 1321(a). The Sentencing Code also permits the court to consider the nature and circumstances surrounding the commission of the crime in determining whether to impose a sentence of total confinement, 18 Pa.C.S.A. § 1325. We do not believe that the sentence imposed went beyond the trial court's discretion.

Judgment of sentence affirmed.