407 A.2d 1302

**COMMONWEALTH of Pennsylvania**

v.

**Park Irvine BUTCH, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1979.

Decided Oct. 24, 1979.

---

3. Because we grant appellant a new trial, we need not address the other issues raised in this appeal.

Charles F. Gilchrest, Routman, Moore, Goldstone & Valentino, Sharon, for appellant.

Phillip L. Wein, Dist. Atty., Blair F. Green, Clarion, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Park Irvine Butch contends, and the record reveals, that his sentence of "total confinement" was imposed without due consideration for this Commonwealth's

statutory sentencing guidelines.[1] We therefore vacate judgment of sentence and remand for resentencing. See *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977).

Appellant was convicted by a jury on May 29, 1975 of delivering marijuana (approximately one ounce) in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[2] On March 5, 1976, the court sentenced him to serve a prison term of five and one-half to twenty-three months, and to pay the costs of prosecution and a fine of $350. On appeal to the Superior Court, appellant contended that the sentence had been illegally imposed. The Superior Court, however, affirmed the judgment of sentence by an equally divided court (Cercone, J., dissenting, joined by Hoffman and Spaeth, JJ.). This Court granted allocatur.[3] See 42 Pa.C.S.A. § 724.

In the Sentencing Code, the Legislature established standards for a court to observe when imposing sentence. Section 1322, "while not controlling the discretion of the court," lists twelve grounds which "shall be accorded weight in favor of an order of probation . . . ."[4] Section 1325

1. Sentencing Code, Act of 1974, December 30, P.L. 1052, § 1, as amended, 18 Pa.C.S.A. §§ 1301 et seq. (Supp.1979–80).

2. Act of April 14, 1972, P.L. 233, § 13(a)(30), as amended, 35 P.S. § 780–113(a)(30).

3. In light of our decision, we need not consider appellant's claim that Clarion County employed a predetermined sentencing policy of "total confinement."

4. Section 1322 provides:
   "The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:
   (1) The criminal conduct of the defendant neither caused nor threatened serious harm.
   (2) The defendant did not contemplate that his conduct would cause or threaten serious harm.
   (3) The defendant acted under a strong provocation.
   (4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.
   (5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

directs the court to consider "the nature and circumstances of the crime and the history, character, and condition of the defendant . . ." before imposing total confinement.[5] We have held that a sentencing court must articulate the reasons for the sentence imposed. See *Commonwealth v. Kostka,* supra; *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion).[6]

Review of the sentencing record indicates that the court did not follow the provisions of section 1322 or section 1325. At the outset of the sentencing hearing, appellant's counsel introduced evidence, including recommendations of the pre-

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his defendants [sic].

(12) Such other grounds as indicate the desirability of probation."

5.  Section 1325 provides:
    "The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
    (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
    (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
    (3) a lesser sentence will depreciate the seriousness of the crime of the defendant."

6.  The Legislature amended the Sentencing Code to require, as did our decisions in *Kostka* and *Riggins,* that trial judges disclose in open court reasons for sentencing. Because this amendment did not become effective until January 1, 1979, it does not control the instant litigation. This Court's decision in *Kostka,* however, requires our courts to state the reasons for sentences imposed. See also Pa.R. Crim.P. 1405, 1409, and 1410, effective July 1, 1978.

sentencing report, which suggested that appellant, a college student and first time offender, would greatly benefit from a sentence of probation.[7] At the conclusion of defense counsel's presentation, the court responded:

"I realize from what you have indicated that Mr. Butch has taken some positive steps to help himself. However, I have a job to do, as you well know, and I have to do it in accordance with the dictates of my own conscience.

\*  \*  \*  \*  \*  \*

I want to apologize; I was in error when I said 11 months. Upon the set of facts, in Clarion County for one sale it is customary to have a 5½ minimum."[8]

At sentencing, the court concluded:

"The Court does not want to give the impression from his sentencing that he would be questioning the sincerity or capability of the case worker who testified here in Court. I believe his analysis may well be an accurate analysis of the progress of the Defendant in this area in attempting to free himself from any drug use. However, it is the Court's belief that a crime has been committed and the penalty must, therefore, necessarily be imposed."[9]

From this record, it must be concluded that the court failed to consider the statutory factors set forth in the "probation" and "total confinement" sections of the Sentencing Code. Cf. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) (sentencing court acted improperly in automatically imposing sentence based solely on the crime). Instead, the court apparently was concerned solely with the nature of the crime. The trial court's failure to comply with the statutory sentencing guidelines requires vacation of the judgment of sentence and remand for resentencing in conformity with the Sentencing Code.

**7.** At oral argument, we were informed that since the imposition of sentence appellant has been graduated from the University of Pittsburgh.

**8.** Notes of Sentencing Hearing, pp. 6–7.

**9.** Notes of Sentencing Hearing, p. 8.

Judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion.

MANDERINO, J., joined by FLAHERTY, J., joins the opinion of the Court and files a concurring opinion.

MANDERINO, Justice, concurring.

I join in the majority opinion. The trial court's failure to comply with the sentencing guidelines requires that we vacate the judgment of sentence and remand for resentencing. I note that the facts in the record before us strongly suggest that a proper consideration of the statutory sentencing guidelines could not possibly result in any confinement of appellant. *See Commonwealth v. Riggins,* 474 Pa. 115, 139, 377 A.2d 140, 152 (1977) (Concurring Opinion, Manderino, J.).

FLAHERTY, J., joins in this concurring opinion.