418 A.2d 707

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles D. SKINNER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Feb. 22, 1980.

---

George P. Micacchione, Ellwood City, for appellant.

Robert T. Barletta, Asst. Dist. Atty., Ellwood City, for Commonwealth, appellee.

Before PRICE, HESTER and LIPEZ, JJ.

LIPEZ, Judge:

Appellant pled guilty to criminal attempt, 18 Pa.C.S. § 901, for taking part in an attempted theft of railroad equipment valued at approximately $400 from the Pittsburgh & Lake Erie Railroad. The court sentenced appellant to serve one to two years in prison, and to pay the costs of prosecution, a $400 fine and $400 in restitution to the railroad costs of reinstalling the equipment. The only issue raised in this appeal is the propriety of the sentence of total confinement for one to two years. We vacate the judgment of sentence and remand for resentencing.

The record of appellant's two sentencing hearings contains no statement of any reasons for the sentence, and no indication whatsoever that the court followed the statutory sentencing guidelines, 18 Pa.C.S. §§ 1321 *et seq.* (Supp. 1979–80), despite the fact that appellant's counsel pointed out extensive evidence in the pre-sentence report strongly indicating that a probationary sentence would be appropriate under 18 Pa.C.S. § 1322. Furthermore, the sentencing judge made no finding of any of the factors justifying a sentence of total confinement under 18 Pa.C.S. § 1325 (Supp. 1979–80). Our Supreme Court's unanimous decision in *Commonwealth v. Butch*, 487 Pa. 30, 33 & n.6, 407 A.2d 1302, 1304 & n.6 (1979), leaves no doubt that a sentencing court must state the reasons for a sentence on the record, and those reasons must indicate that the statutory sentencing guidelines were followed.

■ The per curiam opinion of the court below deals primarily with the validity of the guilty plea colloquy, which has never been challenged. The opinion briefly states two reasons for the sentence: (1) appellant's failure to take a lie detector test, as he had agreed, concerning the identity of the person or persons who had been with appellant but had escaped when appellant was apprehended; and (2) the assistant district attorney's statement to the court at the second sentencing hearing that the jack which appellant used to remove the railroad's equipment had been used to remove similar equipment from the railroad at other times. The lie detector test which appellant failed to take as agreed was scheduled twice. The first time, appellant came prepared to take the test, but the Commonwealth's own tester failed to appear. The second time, appellant failed to appear because he was not notified that the test had been rescheduled. Regarding the second reason cited by the per curiam opinion below, the sentencing judge himself clearly stated immediately before sentencing that he did not have before him evidence which would connect appellant with the thefts of the other equipment. The reasons cited by the per curiam opinion therefore would clearly be improper reasons for sentencing, even assuming that they actually reflected the reasons of the sentencing judge at the time sentence was imposed.[1]

1. This case is a striking illustration of the need to follow the statutory guidelines and to articulate the reasons for the sentence. The record indicates that the defendant was married (with two children), steadily employed (with excellent recommendations from his employer), and had no previous record. The district attorney had offered to recommend for A.R.D. if the defendant identified the other person involved in the attempted theft. Defendant denied knowing him by name, though he stated that he could identify him if he saw him. All these factors would seem to have weighed in favor of probation. 18 Pa.C.S. § 1322 (Supp. 1979–80).

"The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp. 1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976).

Judgment of sentence vacated, and case remanded for resentencing.

PRICE, J., files a concurring statement.

PRICE, Judge, concurring:

I agree with the majority that this appeal presents a situation in which the sentencing procedure is inadequate and improper, requiring that we vacate the judgment of sentence and remand for resenting. I write this concurrence solely to point out that upon remand the judgment of sentence need not be probation. The majority, in footnote 1 (Maj. op. at 709), implies to my way of thinking, that they favor probation. I wish to express no preference or decision as to the proper sentence.