421 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**Robert Lee WEAVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Sept. 5, 1980.

482

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

PER CURIAM:

On March 22, 1977, appellant, Robert Lee Weaver, was convicted by a jury of robbery. He was sentenced to a term of imprisonment of five to ten years.[1] This appeal followed.

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania is sitting by designation.

1. Appellant was originally sentenced on April 22, 1977. However, on appeal this court vacated the judgment of sentence–five to ten years imprisonment–and remanded due to the trial court's failure to advise

Appellant's sole contention is that the sentence imposed was so manifestly excessive as to constitute an abuse of discretion by the sentencing court.

It is, of course, well settled that the sentencing judge is granted broad discretion in determining an appropriate sentence. See *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). However, in order that we may review the propriety of a sentence where, as instantly, one alleges an abuse of that discretion, a sentencing court is required to place upon the record its reasons for the sentence. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); Pa.R.Crim.P. 1405(b).[2]

Here, neither the recorded transcript of the sentencing nor the court's opinion filed pursuant to Pa.R.A.P. 1925 discloses the court's reasoning.

Without knowing what considerations the lower court relied upon,[3] we are unable to pass upon the validity of appellant's claim.

Accordingly, we are bound to vacate the judgment of sentence and remand the case to once again afford the trial court an opportunity to resentence appellant and, in so

Weaver of his right to file post-verdict motions in accordance with Pa.R.Crim.P. 1123(c). 261 Pa.Super. 577, 396 A.2d 55.

Appellant subsequently filed and withdrew motions for new trial and arrest of judgment and was sentenced to the same term of imprisonment on April 30, 1979. The instant appeal followed.

2. While the original sentencing preceded the holding in *Riggins*, the resentencing followed both that decision and the July 1, 1978 effective date of Rule 1405(b).

3. While the transcript from the original sentencing faintly suggests some basis for the court's sentence, it is inadequate for two reasons: first, that sentencing, itself, was invalidated by our having previously vacated and remanded for resentencing; and, second, even notwithstanding the above, the court's remarks do not sufficiently aid us in ascertaining whether the sentence was based upon accurate and proper information.

The court was advised that Weaver had, on one earlier instance, been charged with robbery, burglary and theft, but that the robbery charge had been nolle prossed and a guilty plea entered to the burglary count. Nonetheless, the judge referred to it as a prior "robbery" conviction.

doing, include in the record a statement of reasons for the sentence imposed.

Judgment of sentence vacated and the case remanded for resentencing.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I would affirm the judgment of sentence based upon the Order of May 3, 1979 in which Judge W. Hensel Brown explained his reasoning for the moderate sentence imposed in this armed robbery case.