436 A.2d 235

**COMMONWEALTH of Pennsylvania**

v.

**Daniel T. STUFFLET, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 23, 1981.

518

William R. Smith, Assistant Public Defender, Strouds-
burg, for appellant.

Ralph A. Matergia, Assistant District Attorney, Strouds-
burg, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

On October 14, 1977, Appellant, Daniel T. Stufflet, was
found guilty by a jury of Robbery[1], Burglary[2], Recklessly
Endangering Another Person[3], and a series of related
charges all arising from an incident occurring at a restau-
rant in Stroudsburg, Pennsylvania. Post trial motions were
filed, argued and denied, and on December 27, 1978, Appel-
lant was sentenced upon the Robbery conviction to a term of
total confinement of not less than 3½ nor more than 7 years.
Sentence was suspended on the remaining convictions.

At the sentencing proceeding, Appellant's counsel was
invited to examine and comment upon the Presentence
Investigation Report that had been prepared. Appellant's
counsel then summarized significant aspects of the Presen-
tence Investigation Report and asked that the Court impose

* President Judge JOHN Q. STRANAHAN, of the Court of Common
  Pleas of Mercer County, Pennsylvania, is sitting by designation.
    Judge LEONARD SUGERMAN, of the Court of Common Pleas of
  Chester County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. § 3701.

2. 18 Pa.C.S.A. § 3502.

3. 18 Pa.S.C.A. § 2705.

a moderate sentence. Both Appellant's counsel and an Assistant District Attorney then presented argument and Appellant was afforded the opportunity to speak. The Court then said:

"THE COURT: Well, of course, there's no question about the fact that we all agree as to the seriousness of the case. Any situation at all when firearms are present creates the potential of death. And because of that, why, it becomes extremely serious. And even though no death or bodily injury actually occurred, it did create the potential for it."

The Court thereupon imposed the foregoing sentence, and advised Appellant of his right to appeal, without further comment.

On appeal, Appellant contends that the quoted remarks of the lower court failed to comport with the mandates of *Com. v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), Pa.R.Crim.P. 1405(b), and the Sentencing Code then in effect, 18 Pa.C.S.A. § 1301 et seq., in that the Court failed to articulate on the record the reasons for the sentence imposed, and failed to accord weight to the factors and guidelines set forth in the Sentencing Code.

At the outset we note that Appellant's counsel failed to object to the sentence at the time it was imposed and failed to thereafter file a motion to modify the sentence pursuant to Pa.R.Crim.P. 1410 or a petition for reconsideration. In the usual case, the failure of counsel to interpose a timely objection at the sentencing proceeding results in a waiver of the issue, *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979); as does the failure to file an appropriate motion to modify the sentence imposed. *Commonwealth v. Riggins*, supra; *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981); *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Marshall*, 273 Pa.Super. 370, 417 A.2d 694 (1980); *Commonwealth v. Moore*, 271 Pa.Super. 494, 414 A.2d 362 (1979). Thus, we should ordinarily find the issues raised by Appellant as waived and dismiss the appeal.

520

On the date sentence was imposed at bar, however, Pa.R. Crim.P. 1405 was and is yet in effect, and subsection (c) of the rule requires, inter alia, that at the time of sentencing, the judge shall advise the defendant on the record of the right to file motions challenging the propriety of the sentence within ten days and that only claims raised in the lower court may be raised on appeal.

■ Notwithstanding the applicability of the Rule to the instant proceeding, the lower court failed to advise Appellant of any such rights. In Pennsylvania, every person has the right to appellate review of a sentence imposed upon such person, *Commonwealth v. Wallace*, 229 Pa.Super. 172, 174, 323 A.2d 182, 183 (1974), and while this important right may be waived, the waiver must be an intentional and intelligent relinquishment or abandonment of a *known* right. *Id.*, 229 Pa.Super. at 174, 323 A.2d at 183. It follows, then, that to intelligently waive a right, such person must first know the nature of that right. *Commonwealth v. Hill*, 492 Pa. 100, 422 A.2d 491 (1980) (collects cases); *Commonwealth v. Knuckles*, 448 Pa. 463, 275 A.2d 653 (1971); *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968); *Commonwealth v. Wallace*, supra.

■ In the circumstances at bar we cannot say that Appellant was aware that he had the right to file a motion for modification or reconsideration of sentence with the lower court within ten days of the date sentence was imposed or suffer a waiver of the issue on appeal. We thus address the merits.

## I.

It is apparent that the sentence imposed upon Appellant for Robbery is well within statutory limits. Nevertheless, Appellant contends that the sentencing court failed to follow or accord weight to the sentencing guidelines set forth in the

Sentencing Code in effect at the time of the sentencing.[4] We agree.

■ Although Appellant's counsel pointed to several apparently relevant portions of the Presentence Investigation Report to support his request for leniency[5], the sentencing judge made no reference whatever to the Sentencing Code and made no finding of any of the factors justifying a sentence of total confinement as set forth in the Code.[6] The sentencing court must indicate on the record at the time of sentencing that the sentencing guidelines of the Code were considered. *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Skinner*, 275 Pa.Super. 251, 418 A.2d 707 (1980); *Commonwealth v. Williams*, 274 Pa.Super. 464, 418 A.2d 499 (1980).

While we have said that it is better practice for the court to articulate some reference to the guidelines specified in the Sentencing Code, with an explanation of how consideration of those guidelines affected the determination of sentence, *Commonwealth v. Williams*, supra, 274 Pa.Super. at 477, 418 A.2d at 506, *Commonwealth v. Backert*, 271 Pa.Super. 68, 412 A.2d 580 (1979); *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978), this Court has not required the trial judge to list those criteria of the Sentencing Code and detail his response to each. *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979);

4. 1974, Dec. 30, P.L. 1052, No. 345, § 1, et seq., as amended 1976, Dec. 2, P.L. ____, No. 345, § 1, et seq., 18 Pa.C.S.A. § 1301 et seq.

5. At the time sentence was imposed upon Appellant, 18 Pa.C.S.A. § 1321(b) required the sentencing judge to ". . . follow the general principle that the sentence imposed should call for the *minimum* amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant . . ." (emphasis added). In the amended code, 18 Pa.C.S.A. § 1321(b) (Supp.1978–1979) the words "the minimum amount of" were deleted.

6. The Presentence Investigation Report is not part of the record.

*Commonwealth v. Williams*, supra; *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).[7]

■ At bar, it is apparent that the court considered only the seriousness of the crime. Resting a sentence upon this consideration alone reflects a failure on the part of the court to exercise its broad discretion in accordance with the applicable statutory requirements. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

### II.

As earlier observed, Appellant also contends that the sentencing court failed to state on the record at the time of sentencing the reasons it imposed the sentence, contrary to the mandates of *Commonwealth v. Riggins*, supra and Pa.R. Crim.P. 1405(b). Again we agree.

In *Riggins*, the court directed that when a trial judge imposes a sentence, he or she must set forth on the record the reasons for imposing such sentence. *Id.*, 474 Pa. at 122, 377 A.2d at 143. The court then set forth the several bases for this requirement:

"The benefits of requiring the trial court to state its reasons for the imposition of its sentence are manifold:[16] First, requiring the trial court to articulate its reasons for selecting a sentence will promote more thoughtful consideration of relevant factors and will help rationalize the sentencing process.[17] It will safeguard against arbitrary decisions and prevent consideration of improper and irrelevant factors. It will minimize the risk of reliance upon inaccurate information contained in the presentence report.[18] A statement of reasons may aid correction authorities if the sentence results in a commitment, and may have therapeutic value if the sentencing judge explains his or her reasons to the defendant.[19] Requiring a trial court to provide a reasoned basis for the sentence imposed may enhance the court's legitimacy as perceived by judges themselves and participants in the criminal justice system.[20] It will aid courts in attaining their institutional objec-

---

**7.** *But see Doyle*, supra, 274 Pa.Super. at 384, 418 A.2d at 1342 and *Commonwealth v. Wareham*, supra.

tive of dispensing equal and impartial justice and will demonstrate to society that these goals are being met.[20a] Reasoned sentencing decisions may encourage the development of sentencing criteria [21] and reduce disparity in sentences-decreasing the number of unusually lenient as well as unusually harsh sentences.[22] Finally, a statement of reasons will be invaluable in aiding appellate courts to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information.[23] ... [Footnotes omitted]" *Id.*, 474 Pa. at 129–131, 377 A.2d at 147–48.

In addition, Pa.R.Crim.P. 1405(b), adopted in response to *Riggins* and in effect at the date sentence was imposed upon Appellant also requires the sentencing judge, at the time of sentencing, to "... state on the record the reasons for the sentence imposed ..."

As it is apparent the lower court failed to comply with the mandates of *Riggins* and Pa.R.Crim.P. 1405(b), we are, again, unable to determine whether the court considered the guidelines of the Sentencing Code and we are unable to intelligently review Appellant's sentence. We accordingly vacate the judgment of sentence and remand for resentencing in accordance with *Riggins* and the Sentencing Code.

Vacated and remanded.