442 A.2d 773

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey R. ROONEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed March 5, 1982.

Petition for Allowance of Appeal Denied June 30, 1982.

290

Robert T. Gownley, Jr., Assistant Public Defender, Lackawanna, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant has appealed an order of the lower court denying his motion for reconsideration of sentence. Appellant contends on appeal, as he did below in support of his motion, that the sentence imposed upon him was manifestly excessive and thus constituted an abuse of the lower court's discretion. We affirm.

On May 10, 1977, Appellant, then a juvenile seventeen years of age, was arrested and charged in a series of juvenile petitions with two counts of robbery, five counts of burglary and two counts of criminal attempt. On May 21, 1977, following a certification hearing, Appellant's cases were transferred by the juvenile court to the criminal division for trial. Appellant was thereafter indicted on all charges by a grand jury and the cases were listed for trial.

* Pres. Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.

Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

On January 26, 1978, Appellant pleaded guilty to the indictments and on May 12, 1978, following the preparation of a Presentence Investigation Report, Appellant was sentenced to serve a term of imprisonment of six months to one year upon each of the five counts of burglary and one to two years upon each of the two counts of robbery. All sentences were ordered by the court to be served consecutively, resulting in a total period of confinement of 4½ to 9 years.

The record of the guilty plea proceeding indicates that Appellant, while engaged in what is best characterized as a "crime spree", was an active participant in a series of burglaries and robberies committed in Lackawanna County during a five-day period. In the first of these incidents, Appellant and a co-defendant twice burglarized a used car lot on the same day, and removed an automobile and other property following each entry. Again, on the same day, Appellant and his co-defendant committed an armed robbery at a service station. During the course of the robbery, Appellant held a rifle or sawed-off shotgun to an attendant's head while removing approximately $350 from the station. Yet again on the same day, Appellant burglarized a drive-in restaurant, and his co-defendant removed property valued at more than $250. On the following day, Appellant and others burglarized an automobile dealership and stole another automobile along with cash and other property. Again, on the same day, Appellant and a co-defendant attempted to rob another service station. Appellant was armed with a 12-gauge shotgun and wore a disguise. The service station attendant refused to comply with a demand for money, causing Appellant to apparently "freeze", and both thereupon fled.

During the same period, the record reveals that Appellant attempted to burglarize a drug store, burglarized a mobile home, causing extensive damage, and stole another automobile. Appellant's activity during this "spree" resulted in the return of nine separate indictments, containing sixteen counts and charging Appellant, *inter alia*, with the theft of many thousands of dollars in movable property.

As we have observed, Appellant was sentenced to a total period of confinement of 4½ to 9 years upon his pleas to five counts of burglary, two counts of robbery and one count of attempted burglary. The remaining counts that did not merge were the subject of a *nolle prosequi*.

Our scope of review when confronted by a challenge to the severity of a sentence is well known and has been oft-repeated. Where no statutorily mandated sentence is implicated, trial judges in this Commonwealth are vested with broad discretion in sentencing. We will not disturb a judgment of sentence unless an abuse of discretion is shown, and in order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be manifestly excessive. *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Campolei*, 284 Pa.Super. 291, 425 A.2d 818 (1981); *Commonwealth v. Michenfelder*, 268 Pa.Super. 424, 408 A.2d 860 (1979). In addition, at the date the instant sentences were imposed, the court was required by the Sentencing Code to impose a sentence for the "minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant," 18 Pa.C.S.A. § 1321(b)[1]; *Commonwealth v. Campolei, supra*, 284 Pa.Super. at 297, 425 A.2d at 822. The sentencing court must also state on the record the reasons underlying the sentence it imposes,[2] *Commonwealth v. Riggins*, 474 Pa. 115, 133, 377

1. The Sentencing Code has since been amended and the operative provision, deleting the words "minimum amount of" now provides:
   "... In selecting from the alternative set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of the defendant ..." 42 Pa.C.S.A. § 9721(b).

2. The statement of reasons must:
   "... demonstrate that the court has considered the factors specified in the Code, and that it has balanced the specific background, character, and circumstances of the defendant with the circumstances of the crime, the need for incarceration, to prevent future

A.2d 140, 149 (1977); *Commonwealth v. Weaver*, 280 Pa.Super. 481, 421 A.2d 824 (1980)[3]; *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980). The sentencing court must also indicate on the record at the time of sentencing that the guidelines of the Sentencing Code were considered in the sentencing process.[4] *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Stufflet*, 291 Pa.Super. 516, 436 A.2d 235 (1981); *Commonwealth v. Williams*, 274 Pa.Super. 461, 418 A.2d 499 (1980); *Commonwealth v. Skinner*, 275 Pa.Super. 251, 418 A.2d 707 (1980).

Appellant does not and indeed could not argue that the sentence imposed upon him exceeded the statutory limits. *See*, 18 Pa.C.S.A. §§ 3502, 3701, 901(a), 905 and 1103. We must therefore determine whether the sentences imposed are for some other reason manifestly excessive. *Common-*

offenses by the defendant and by others, and the possibility of rehabilitation ..."
*Commonwealth v. Wicks*, 265 Pa.Super. 305, 314, 401 A.2d 1223, 1227 (1979).

**3.** We have held that in the absence of a statement of reasons for the sentence imposed, we are unable to review a sentence and must remand. *Commonwealth v. Weaver, supra*, 280 Pa.Super. at 483, 421 A.2d at 825.

**4.** While we have said that it is better practice for the court to articulate some reference to the guidelines specified in the Sentencing Code, with an explanation of how consideration of those guidelines affected the determination of sentence, *Commonwealth v. Williams*, 274 Pa.Super. 464, 477, 418 A.2d 499, 506 (1980); *Commonwealth v. Backert*, 271 Pa.Super. 72, 412 A.2d 580 (1979); *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978), this court has not required the trial judge to list those criteria of the Sentencing Code and detail his response to each. *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Williams, supra; Commonwealth v. Wicks, supra.* We have also said in the past that no case has held that the Sentencing Code states the exclusive and inflexible criteria in the sentencing process. Indeed our cases hold that a statement of reasons should not be held insufficient when it is apparent that the court considered and applied the Code even though it made no explicit reference to those guidelines. *Commonwealth v. Walton*, 289 Pa.Super. 411, 417, 433 A.2d 517, 519 (1981) (quoting *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 299, 422 A.2d 1119, 1125 (1980)).

*wealth v. Campolei, supra,* 284 Pa.Super. at 297, 425 A.2d at 822.

Prior to sentencing, the lower court directed that a Presentence Investigation Report be prepared. At the sentencing proceeding, Appellant's counsel referred to the Report and addressed a number of mitigating factors contained in it, including Appellant's admission of his complicity in the crimes, his ultimate cooperation with the police, and his exemplary record while incarcerated.

Counsel also invited the court's attention to a number of Appellant's personal attributes, and certain aspects of Appellant's participation in the crimes which were mitigating in counsel's view. Nearly all such factors directly implicated the guidelines of the Sentencing Code and were clearly before the Court.

Prior to imposing the instant sentences, the court set forth its reasons on the record thusly:

"THE COURT:

I have examined the defendant's presentence investigation [5] very, very carefully taking into account all of the facts contained therein and, of course, in light of the seriousness of the crimes involved here, these crimes, of course, are perhaps the most serious we have on the books today. I've also taken into consideration in addition to the seriousness of these incidents, the well being of the people and the protection of the people in Lackawanna County because we certainly have to have that in mind in all of these types of proceedings, the protection of our people. Of course, you have evidenced by these incidents a great disregard for life and property. I've taken this into consideration. It was very evident in these incidents which include two robberies and five burglaries your criminal disposition. In addition to these, the criminal disposition you have throughout your life which is evidenced by your juvenile court record. As a result of the concern that the court has for you and the possibility of

5. The Presentence Investigation Report is not part of the record.

rehabilitation programs, taking all of these matters into consideration and based upon ... [sentences were thereupon imposed]."

At the hearing convened upon Appellant's Motion for Reconsideration of Sentence, the court amplified its earlier remarks:

"THE COURT: I might add just paraphrasing, there were other matters I took into consideration in addition to what you mentioned, Mr. Gownley [defense counsel]. The first of which was that I gave very careful consideration to the pre-sentence investigation. Secondly, I took into consideration his criminal disposition involved in these acts. I took into consideration his criminal disposition throughout his life as was evidenced by his juvenile court record. I also mentioned in that proceeding [sentencing proceeding] that I was concerned about the possibility of rehabilitation programs." N.T. 4–5, June 9, 1978.

■ It is not our function to determine whether we agree with these statements of the sentencing court, "in the sense that if we had been the sentencing court, we should have said the same thing and imposed the same sentence." *Commonwealth v. Campolei, supra*, 284 Pa.Super. at 299, 425 A.2d at 822. Rather, we must evaluate three factors: whether the confinement imposed on Appellant is consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of Appellant. *Id. And see, Commonwealth v. Edrington*, 490 Pa. 251, 256, 416 A.2d 455, 457 (1980); *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976).

■ At bar, it is apparent that the sentencing judge placed great emphasis upon the Presentence Investigation Report. Appellant's counsel advised the court that he and his client had reviewed the report. During argument, Appellant's counsel discussed the report and informed the court of Appellant's prior juvenile offenses, including an escape from a juvenile detention facility, all of which were con-

tained in the report. There is no indication in the record that the report was in any respect inaccurate.

The court itself, in its brief statement at the time of sentencing quoted above, reflects a consideration of the gravity of Appellant's offenses, Appellant's prior contact with the juvenile justice system, and the facts concerning Appellant's individual characteristics and background as set forth in the Presentence Investigation Report. The court's statement also exhibits its concern for Appellant's rehabilitative requirements.

While we should perhaps have taken greater comfort in a more detailed statement of reasons underlying the sentences imposed [6], including those aspects of the Presentence Investigation Report upon which the court relied [7], we cannot say that the court failed in its obligation to consider the factors iterated in *Campolei, supra,* or the Sentencing Guidelines, 18. Pa.C.S.A. § 1301 et seq. Rather, it appears to us that the sentencing court considered and applied the guidelines of the Code and we are thus unable to say on this record that the court manifestly abused its discretion.[8]

Affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I find myself unable to agree with the majority that the lower court has adequately stated its reasons for the sen-

6. Unfortunately, the lower court has failed to provide us with an opinion as mandated by Pa.R.A.P. 1925(a).

7. *Compare* the statement of reasons at bar with those found deficient in *Commonwealth v. Butch, supra,* and *Commonwealth v. Kostka, supra.*

8. It is, of course clear that a court may not rest a sentence upon the seriousness of the crime alone. *Commonwealth v. Butch, supra; Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Stufflet, supra; Commonwealth v. Walton, supra.* It must be borne in mind, however, that Appellant at bar pleaded guilty to his complicity in seven felonies of the first degree and one felony of the second degree. The maximum term of imprisonment for a felony of the first degree is 20 years, and for a felony of the second degree, 10 years. 18 Pa.C.S.A. § 1103.

tence imposed. I should therefore vacate the sentence and remand for resentencing.

I acknowledge the majority's full and careful statement of the cases defining the sentencing judge's responsibilities. On another occasion I tried to summarize those responsibilities, and it may be useful to refer to that summary now:

The first responsibility of the sentencing judge is a fact-finding responsibility; the judge must be sure that he has before him "sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Doyle*, 275 Pa. Superior Ct. 373, 281, 418 A.2d 1336, 1340 (1979) *citing Commonwealth v. Wicks* [265 Pa. Superior Ct. 305, 401 A.2d 1223 (1979)]. The second responsibility of the sentencing judge is an application-and-explanation responsibility; the judge must apply to the information he has gathered the statutory guidelines specified in the Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1321 *et seq.* (Supp.1977), and then explain on the record how that application has resulted in the sentence imposed. *Commonwealth v. Doyle, supra,* 275 Pa.Super. at 383, 418 A.2d at 1341. *See Commonwealth v. Farrar,* 271 Pa. Superior Co. 434, 447–453, 413 A.2d 1094, 1101–1104.

*Commonwealth v. Kostka,* 276 Pa. Superior Co. 494, 419 A.2d 566, 573–574 (1980) (SPAETH, J., concurring).

Here, we cannot tell whether the sentencing judge fulfilled his fact-finding responsibility. While the judge says that he "examined the defendant's presentence investigation very, very carefully taking into account all the facts contained therein . . . .," At 776, he does not tell us what those facts were. Nor did he make the report of the presentence investigation part of the record. We therefore cannot know whether the judge had before him "sufficient information to enable him to make a determination . . . of the character of the defendant."

Also, the sentencing judge failed to fulfill his application-and-explanation responsibility. His very brief statement

makes at best only an oblique reference to the guidelines specified in the Sentencing Code, and there is no explanation of why the judge believed his sentence consistent with those guidelines. The statement is only a series of conclusions, with no specificity or concreteness being added by any reference to the record. Indeed, the statement raises more questions than it resolves. What did the judge mean by his reference to "the criminal disposition you have throughout your life?" What was "evidenced by [the] juvenile court record?" What was "the possibility of rehabilitation programs?"

At the sentencing proceeding, counsel for appellant offered several arguments in mitigation of appellant's offenses; counsel argued to the following effect. Appellant was 17 years old when the offenses were committed. He was not the only person involved; others were with him, and one of them was an adult who had fled the jurisdiction. In some of the cases, appellant did not break in but acted as a lookout. In one case, he took a gun away from one of the others, saying, "I can't do this." He gave detailed statements to the police and juvenile authorities, freely admitting his involvement, and pleaded guilty to all of the offenses. He further demonstrated his change in attitude when he was in jail, awaiting trial. He had risen to the position of trustee and was permitted to leave his wing to work as a cook in the kitchen, where he had access to knives. According to counsel, the pre-sentence report showed that appellant's juvenile offenses had not been "in the same vein" as the offenses to which he had pleaded guilty, and appellant "was never involved with guns before." N.T. 4.

It was the sentencing judge's responsibility to respond to this argument. The essence of the Pennsylvania law of sentencing is that the sentence be individualized. *Commonwealth v. Riggins, supra.* The point of requiring a statement of reasons for the sentence is to ensure that it *is* an individualized sentence, consistent with the Sentencing Code. *Id.* Here, the sentencing judge's statement amounts only to a few brief, conclusory remarks, which could have

been uttered in virtually any robbery case. In *Common-wealth v. Farrar*, 271 Pa. Superior Ct. 434, 413 A.2d 1094, we said:

> [T]he responsibilities [the Sentencing Code] imposes on the sentencing judge do not fade away and disappear upon utterance of the formula that 'a lesser sentence would depreciate the seriousness of the crime.' The judge must state, with reference to the record, why he believes that would be so. Only thus will the 'appellate courts [be enabled] to ascertain whether the sentence was based upon accurate, sufficient and proper information [*citing Commonwealth v. Riggins, supra.*]

The judgments of sentence should be reversed and the case remanded for re-sentencing according to law.