469 A.2d 240

**COMMONWEALTH of Pennsylvania**

v.

**Daniel T. STUFFLET, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed Dec. 16, 1983.

Michael R. Muth, Public Defender, Stroudsburg, for appellant.

Elmer D. Christine, Jr., Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

SPAETH, President Judge:

This is an appeal from a judgment of sentence. Appellant argues that the sentencing judge in imposing the sentence considered information that was irrelevant. We agree, and therefore vacate the sentence and remand for resentencing.

On December 27, 1978, appellant was sentenced to a term of 3½ to 7 years in prison for robbery. He had also been convicted of burglary and recklessly endangering another person, but sentence was suspended on those convictions. An appeal was filed challenging the sentencing proceedings.[1] Appellant claimed that the trial court had failed to comply with the sentencing guidelines, and had failed to state of record the reasons for the sentence. This court agreed and vacated the sentence and remanded for resentencing in accordance with the sentencing guidelines and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140

---

1. Appellant failed to file a motion for reconsideration of sentence as required by Pa.R.Crim.P. 1410, but no waiver resulted, for the trial court had failed to advise appellant of his right to file such a motion. *Commonwealth v. Stufflet,* 291 Pa.Super. 516, 436 A.2d 235 (1981).

(1977) (court must articulate of record reasons for sentence imposed). *Commonwealth v. Stufflet,* 291 Pa.Super. 516, 436 A.2d 235 (1981).

On remand, the trial court held a resentencing hearing, and on December 30, 1981, reinstated the previous sentence. On January 6, 1982, appellant filed this appeal, and on January 11th he filed a motion with the trial court for reconsideration of sentence, claiming that the court had considered irrelevant information. The court denied the motion[2], and appellant now makes the same claim on appeal.[3]

The events leading to appellant's conviction may be described as follows. Appellant and two other men entered a restaurant in Stroudsburg at approximately 1:30 a.m. on July 27, 1977. The two men with appellant locked the restaurant employees in a walk-in freezer while appellant ordered the manager, Carol Swalm, at gun-point, to open the safe. However, she could not open it. One of the two men then took her to a store room and raped her. The two men then forced her to leave the restaurant with them, but she got free and ran. At about that time, police officers arrived on the scene. They saw appellant leaving the restaurant with a stocking over his head and a gun in his hand, and arrested him.

At the resentencing hearing, after remand, the following colloquy occurred:

THE COURT: Here you have an armed robbery. You had a rape by one of them. You had the locking of people into a freezer; all of the earmarks of the 1920's

---

**2.** Although an appeal had already been filed, the court still had jurisdiction to rule on the timely filed motion for reconsideration of sentence. Pa.R.App.P. 1701(b)(3).

**3.** Appellant also claims that the trial court "looked solely to the severity of the crime, and not the rehabilitative effect that had already been accomplished on the appellant." Brief for Appellant at 7. This claim is waived, for it was not made in appellant's motion for reconsideration of sentence, nor in his statement of questions involved. Pa.R.App.P. 2116; Pa.R.App.P. 302; *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Cruz,* 265 Pa.Super. 474, 402 A.2d 536 (1979).

violence, almost, and it is just something that we are unaccustomed to in this area ....

We feel the public is entitled to this protection, and we are going to continue to be as vigilant as we can on it. Is there anything else you would like to say?

MR. MUTH [defense counsel]: Additionally, I would point out to the Court, Your Honor, that the Court mentioned in its explanation of the incident that the rape of a woman occurred. Mr. Stufflet was never charged with that in any of the counts of the information.

THE COURT: But he was with the group where it occurred.

MR. MUTH: I agree, he was with them.

Even the conspiracy charge is not a conspiracy on rape, and I think it would be improper to include that rape in determining what the sentence would be.

THE COURT: I am not including it in the sentence. I am only sentencing on the robbery, but what I am including it in is this whole panorama of the nature of the thing.

MR. MUTH: I understand what the Court is saying. I don't feel that should be considered in the panorama, particularly the rape, when he could have been charged with what could have been conspiracy with the rape. I simply point that out to the Court.

THE COURT: I agree that doesn't go to the sentence, but I do not agree that does not go to the nature of the crimes in general, and of the general makeup of the particular crime being committed, that it was one of arrogance, and violence, and composed of a group that had no regard whatsoever for anybody, or anything that the Court has in mind, and is considering.

N.T. 34–36.

At the hearing on the motion for reconsideration of sentence, a similar colloquy occurred:

MR. MUTH [defense counsel]: The second reason for the Reconsideration of Sentence, which we feel was improper consideration, at the time the sentence was imposed the Court indicated it was taking into account the rape which

occurred not by Mr. Stufflet but by one of the people who was with Mr. Stufflet.

Now, the Court's phrasing—and I do not have a transcript from the hearing because it has not been transcribed yet. The Court's statement based on my notes is "that does not go to the sentence but to the crimes in general." I am unclear what the distinction is. I think it is something that the Court did take into account in determining and in justifying its sentence.

THE COURT: I took into account the nature of the scene you might say. In other words, you have a group here that went out and anticipated an armed robbery. One part of the group was the lookout and part of it was involved with the putting together of the employees and maybe, I'm not sure whether it was one customer, maybe one customer, I don't know. Mr. Copenhaver was put in, remember Karl Copenhaver was there? They locked them up in the freezer. One of the fellows that is still missing raped one of the girls.

I took into consideration the type of escape that was involved. I took into consideration the whole scene. It was one to me of lawlessness and a band together. When I realized that crime was a private and individual thing, particularly when it comes to rape as not being a part of their general plot or plan, but that this was, what I am considering is the complete lawlessness of the entire scene.

MR. MUTH: I understand that, Your Honor. We feel that in spite of that, in spite of that we feel that taking into consideration actions done by someone other than Mr. Stufflet, particularly the rape when he was neither—I believe he was charged with Conspiracy and that was all. He was not found guilty of that. He was only found guilty of Robbery, Burglary and Recklessly Endangering Another Person. I think by taking into account actions at the scene of another Defendant when Mr. Stufflet was not even convicted of the Conspiracy, would not be proper. That is the reason we are bringing this before the Court for reconsideration.

THE COURT: The point is, I am not taking it into consideration as though he were also responsible for the rape, because that is a personal crime committed by that person and not within the contemplated scheme of the thing; but the lawlessness and the complete—the choice of words escapes me right now—but it was the complete disregard for anything or anyone around at the time this band of robbers did this. I am considering that, yes.

MR. MUTH: I understand that, Your Honor. I think our view is that we feel that would be inappropriate.

THE COURT: If that is what you want to appeal on, why that is fine.

N.T. 3–5.

We have been unable to escape the conclusion that these statements are self-contradictory. On the one hand, the Court purported to recognize that appellant had properly not been charged with, much less convicted of, the rape, and that therefore the rape should *not* be counted against appellant. But on the other hand, the court made plain that it *was* counting the rape against appellant. Thus, at the resentencing hearing the court said:

I am *not* including it [the rape] in the sentence. I am *only* sentencing on the robbery, but what I *am* including it in is this whole panorama of the nature of the thing [emphasis added].

And at the hearing on the motion for reconsideration of sentence, the court said:

I am *not* taking it [the rape] into consideration as though he were also responsible for the rape, because that is a personal crime committed by that person [one of the other two men] and not within the contemplated scheme of the thing.... [emphasis added].

But then immediately after this, the court said

I *am* considering that, yes [emphasis added].

██ "[I]f it reasonably appears from a review of the entire record that the sentencing court may have relied in whole or in part upon an impermissible consideration," the sentence is invalid and must be vacated. *Commonwealth*

*v. Cruz*, 265 Pa.Super. 474, 477, 402 A.2d 536, 537 (1979) (citing *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977). Here, it does appear that the trial court relied in part upon an impermissible consideration, namely, the rape. For one may not expect his statement, that he is *not* considering a fact, to be accepted when it is followed by a statement that he *is* considering that fact. One of the principal purposes of the rule of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), that the sentencing judge must state of record the reasons for the sentence, is to prevent what occurred here. As the Court explained:

> [R]equiring the trial court to articulate its reasons for selecting a sentence will promote more thoughtful consideration of relevant factors and will help rationalize the sentencing process. It will safeguard against arbitrary decisions and prevent consideration of improper and irrelevant factors.

*Id.*, 474 Pa. at 129, 377 A.2d at 147 (footnote omitted).

While we are therefore obliged to vacate the sentence and remand for resentencing, we are not to be understood as intimating an opinion that the sentence was excessive.

Judgment of sentence vacated and case remanded for resentencing consistent with this opinion. Jurisdiction is relinquished.