525 A.2d 421

**In re Glenn WATT.**

**Appeal of Glenn WATT.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1986.

Filed May 4, 1987.

Dennis A. Alessi, York, for appellant.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

On June 27, 1972, Appellant Glenn Watt was involuntarily committed to Farview State Hospital following a court determination that Watt was incompetent to stand trial for the murder of an elderly woman friend. After regaining his competence, Watt stood trial on charges of criminal homicide and was acquitted in 1976 because of lack of criminal responsibility. Again, the court found appellant to be severely mentally disabled and committed him to Harrisburg State Hospital by order of October 4, 1976. Watt was subsequently recommitted on six occasions and remains in Harrisburg State Hospital.

After a hearing on December 2, 1985, the Court of Common Pleas of York County ordered the continued commitment of appellant Watt to Harrisburg State Hospital for one year of involuntary treatment pursuant to the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817 No. 143, as amended, 50 P.S. § 7101 *et seq.* (hereinafter "Act"). Watt now contends that (1) the evidence presented was insufficient to prove that he is severely mentally disabled, (2) the evidence was insufficient to prove that there was any affirmative treatment being given and (3) the evidence was insufficient to show any efforts to secure other less restrictive surroundings. We disagree and therefore affirm the order.

The most recent petition to recommit Watt for up to one year of involuntary treatment was made pursuant to Section 7304 and 7305 of the Act. The court ordered and held an evidentiary hearing on December 2, 1985. The court subsequently entered its order recommitting Watt to Harrisburg State Hospital for a full year. A motion for reconsideration was filed in which Watt argued that the evidence was insufficient to show the need for continued recommitment. The motion was granted and after argument and review of the sufficiency of the evidence, the court entered an order on December 30, 1985, reaffirming the recommitment order. This timely appeal followed.

■ Initially, we find that Watt argues in his brief that he is being "warehoused" in violation of due process of law under the Fourteenth Amendment. This issue was not presented to the trial court in Watt's motion for reconsideration, nor is it presented in the statement of questions involved. We therefore find this issue to be waived and will not be discussed further. *See Commonwealth v. Stufflet,* 322 Pa.Super. 176, 469 A.2d 240 (1983).

In his first argument, Watt contends that the evidence is insufficient to support a finding that he is severely mentally disabled. Specifically, Watt argues the lack of clear and convincing evidence to establish that he poses a clear and present danger to anyone and is in need of continuing involuntary treatment. We find no merit in Watt's argument.

Under the Act, in order for an individual to be involuntarily recommitted the petitioner must show by clear and convincing evidence that the individual continues to pose a "clear and present danger" of harm to himself or others. 50 P.S. §§ 7304(a) and (f).

When the subject for recommitment has, as in the instant case, been acquitted of a crime because of a lack of criminal responsibility, the Act provides in pertinent part:

> If, however, the person has been ... acquitted by reason of lack of criminal responsibility ... clear and present danger to others may be shown by establishing that the conduct charged in the criminal proceeding did occur, and that there is a reasonable probability that such conduct will be repeated.

50 P.S. § 7301(b)(1).

■ Thus, in the case at bar, it need only be demonstrated that (1) the conduct that led to the criminal proceedings occurred, and (2) that there is a reasonable probability that it will occur again. A petitioner need not prove that an insanity acquittee who had been charged with criminal homicide will actually kill again. It is sufficient to show a reasonable probability that some form of violent conduct

will occur. *Commonwealth v. Helms,* 352 Pa.Super. 65, 506 A.2d 1384 (1986)

■ Our review of the record clearly justifies the court's findings. The facts adequately support the finding that Watt is still suffering from paranoid schizophrenia and that Harrisburg State Hospital is the least restrictive setting appropriate for him. Testimony at the recommitment hearing was presented by Watt's present treating psychiatrist and a second staff psychiatrist from Harrisburg State Hospital. Both doctors testified to the effect that Watt was still psychotic albeit in partial remission.

In addition, the testimony elicited at the hearing revealed the existence of a significant risk that Watt would decompensate back into overt psychotic behavior if he were placed in a setting with less structure than that provided at Harrisburg State Hospital.

Watt contends that he has exhibited no behavior to evidence that he is a clear and present danger to others and presented psychiatric testimony to that effect. The court determined the testimony presented by the petitioner, that Watt is still in need of hospitalization, to be the more credible testimony. As a factfinder, it was clearly within the judge's purview to determine what testimony he considered credible. *Mooreman v. Tingle,* 320 Pa.Super. 348, 467 A.2d 359 (1983). Additionally, in the recommitment setting, the statute provides that "it shall not be necessary to show reoccurrence of dangerous conduct either harmful or debilitating, within the past 30 days." 50 P.S. 7304(a)(2). *See also In re S.O.,* 342 Pa.Super. 215, 492 A.2d 727 (1985) (proof of recurrence of violent behavior is unnecessary for recommitment). Therefore, the lack of recent evidence of actual violent conduct would not negate a finding of clear and present danger and should be viewed in light of the fact that Watt has been confined to a mental hospital since the crime occurred. *See Helms,* 352 Pa.Super. at 76, 506 A.2d at 1390. We find sufficient evidence in the record to support the court's finding that recommitment is necessary.

■ We find that Watt's second and third issues are also without merit. Watt argues that the evidence is insufficient to prove that he is receiving any affirmative treatment or to show any effort to secure other less restrictive surroundings. The record belies these contentions. Two psychiatrists testified to the effect that, given Watt's current mental status, the best care is in the highly structured setting provided at Harrisburg State Hospital. In their expert opinion, the psychiatrists testified that in a slightly less restrictive setting without the external structure Harrisburg State Hospital provides, Watt could regress to a point of being overtly psychotic and perhaps exhibit the same behaviors he had prior to his hospitalization. We find sufficient evidence that Watt is in a treatment plan structured around his specific needs and is in the least restrictive setting available to him. Pursuant to the Act, it is not within the province of the court "to specify to the treatment team the adoption of any technique, modality, or drug therapy." 50 P.S. § 7109.

We therefore find the evidence sufficient to support the finding of the court that recommitment is necessary and Harrisburg State Hospital is the least restrictive setting available.

Order affirmed.