J-S88036-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFRAN CANALES-TAPIA, | : | |
| | : | |
| Appellant | : | No. 1143 EDA 2016 |

Appeal from the PCRA Order March 16, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division, at No(s): CP-39-CR-0002036-2013

BEFORE:    OLSON, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED FEBRUARY 22, 2017**

Jefran Canales-Tapia (Appellant) appeals *pro se* from the March 16, 2016 order[1] that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 18, 2013, Appellant pled guilty to conspiracy to commit robbery in exchange for the Commonwealth's withdrawal of charges of homicide, conspiracy to commit homicide, and robbery.  On February 12, 2014, Appellant was sentenced to 75 to 240 months of incarceration. Appellant filed a direct appeal challenging the discretionary aspects of his sentence.  This Court concluded that Appellant presented a substantial question for review, but affirmed the judgment of sentence following

---

[1] The order was dated March 14, 2016, docketed on March 15, 2016, and served upon the parties on March 16, 2016.

*Retired Senior Judge assigned to the Superior Court.

consideration of the merits of Appellant's challenge. ***Commonwealth v. Canales-Tapia***, 121 A.3d 1119 (Pa. Super. 2015).

Appellant *pro se* timely filed a PCRA petition on January 5, 2016. Counsel was appointed, and on February 11, 2016, filed a motion to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 17, 2016, the PCRA court permitted counsel to withdraw and issued notice of its intent to dismiss Appellant's petition. Appellant filed a lengthy response to the PCRA court's notice on March 11, 2016. Finding Appellant's response unpersuasive, the PCRA court dismissed Appellant's petition, and Appellant timely filed a notice of appeal.[2]

Appellant presents three questions for our review, which we have reordered for ease of disposition:

> 1. Did the trial court violate Appellant's rights under the United States and Pennsylvania constitutions by imposing a sentence based on a crime committed by Appellant's co-defendant?
>
> 2. Was trial/appellate counsel ineffective in representing Appellant when he presented the core of his sentencing challenge without citing any case law in support thereof?
>
> 3. Was PCRA counsel ineffective in representing Appellant when he submitted a "no merit" letter instead of challenging prior counsel's ineffectiveness and challenging an improperly imposed sentence?

Appellant's Brief at 4 (unnecessary articles and capitalization omitted).

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, and none was filed.

We begin with our standard of review.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

With his first question, Appellant seeks to re-litigate the underlying issue of whether the sentencing court relied on an improper factor in sentencing him to the statutory maximum. Appellant's Brief at 12-19. This he may not do. ***See Commonwealth v. Brown***, 872 A.2d 1139, 1145 (Pa. 2005) ("Appellant cannot obtain post conviction review of claims previously litigated on appeal by presenting new theories of relief to support the previously litigated claims."). Furthermore, "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, that claim merits no relief from this Court.

Appellant's remaining questions challenge the effectiveness of his counsel.

- 3 -

> Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citation omitted).

Appellant first claims that his direct appeal counsel was ineffective in failing to offer case law to support his sentencing challenge in his appellate brief. Counsel had, according to this Court, argued as follows:

> Appellant complains that this sentence was an abuse of the court's discretion because the court relied solely on the fact that Appellant's "actions led to the death of the victim…." Appellant maintains that the court essentially punished him for the homicide, despite the fact that he was not convicted of that offense. In other words, he argues that the sentence was "not justified by the facts and the charges to which [Appellant] entered his guilty plea." Appellant also avers that his sentence was excessive where his codefendant, who was the actual shooter, received a lesser sentence for the crime of conspiracy to commit robbery.

*Canales-Tapia*, 121 A.3d 1119 (unpublished memorandum at 4) (citations omitted). This Court considered the trial court's explanation for its sentence, which included the following:

The [trial c]ourt would note that [Appellant's co-conspirator] pled to both [c]riminal [h]omicide and [conspiracy to commit] [r]obbery. He received an aggregated sentence of no less than 20 years nor more than 40 years of incarceration. It is the [trial c]ourt's assertion that the victim's death was factored into the sentence imposed [for] the count of [c]riminal [h]omicide, a sentence far greater than the [75 to 240 months' incarceration] imposed on [] Appellant for his guilty plea to [c]onspiracy to [c]ommit [r]obbery, although [] Appellant's role in the victim's death was not insignificant. It is the [trial c]ourt's opinion that the sentence imposed on [] Appellant for his role in the robbery of the victim, which ultimately ended in the victim's death, was not the result of an abuse of discretion.

*Id.* at 5-6. This Court thereafter disposed of Appellant's claim as follows:

The record of Appellant's sentencing hearing, and the trial court's statement of the factors it considered in fashioning Appellant's sentence, convince us that the court did not abuse its discretion in imposing Appellant's aggravated range sentence. **Appellant offers no legal support** for his suggestion that, because he did not plead guilty to homicide, the court was not permitted to consider the fact that the victim was shot and killed in determining the appropriate sentence for Appellant's crime of conspiracy to commit robbery. Indeed, this Court has stated that criminal conduct for which a defendant "escaped prosecution has long been held [to be] an acceptable sentencing consideration" where "there is evidentiary proof linking the defendant to the conduct." *Commonwealth v. P.L.S.*, 894 A.2d 120, 130 (Pa. Super. 2006). Here, Appellant admitted that he went to the victim's home with [his co-conspirator] in order to rob the victim, who was ultimately shot and killed during the commission of that offense. Although the Commonwealth withdrew Appellant's homicide charge pursuant to his plea agreement, the court was well-within its discretion to consider the fact that the victim was murdered during the course of the robbery in fashioning Appellant's sentence for conspiracy. Accordingly, Appellant's sentencing claim does not entitle him to relief.

*Canales-Tapia*, 121 A.3d 1119 (unpublished memorandum at 6-7) (emphasis added). Appellant focuses upon the emphasized language above to argue that his counsel offered constitutionally-deficient representation.

Appellant offers a number of cases he believes his appellate counsel should have cited to support his sentencing challenge. Appellant's Brief at 7-8. These cases stand for the uncontroversial principle that sentences based upon impermissible considerations must be vacated. *See*, *e.g.*, *Commonwealth v. Stufflet*, 469 A.2d 240, 243 (Pa. Super. 1983) ("[I]f it reasonably appears from a review of the entire record that the sentencing court may have relied in whole or in part upon an impermissible consideration, the sentence is invalid and must be vacated." (citation and internal quotation marks omitted)).

However, none of these cases stands for the proposition Appellant advanced in his direct appeal, and argues again in this appeal: that the sentencing court was not permitted to consider the fact that the robbery victim was killed during the course of the robbery committed by Appellant because the homicide count was withdrawn by the Commonwealth. Rather, the cases Appellant offers are based upon materially distinguishable factual scenarios. *See Commonwealth v. Bethea*, 379 A.2d 102, 107 (Pa. 1977) ("A fair reading of the trial court's remarks prior to the imposition of sentence… indicates that the judge may have been influenced by the fact that appellant chose to stand trial rather than plead guilty, with a possible

resultant augmentation of the sentences imposed."); ***Stufflet***, 469 A.2d at 242-43 (holding that it was improper for the sentencing court to consider that one member of the group raped someone during an armed robbery where Stufflet was not convicted of conspiracy[3] and rape was not part of the plan); ***Commonwealth v. Cruz***, 402 A.2d 536, 536 (Pa. Super. 1979) ("An unsubstantiated statement that a defendant is a major drug dealer would be an inappropriate factor in a judge's imposition of sentence." (emphasis omitted)).

Accordingly, Appellant has failed to convince us that the outcome of his appeal would have been different had counsel cited this case law in his brief, and his claim fails for lack of prejudice. ***Commonwealth v. Reed***, 971 A.2d 1216, 1227 (Pa. 2009) (holding appellant could not prevail on

---

[3] Indeed, Appellant's arguments appear to be fueled by his incredulity at being held accountable for the actions of his co-conspirator after he pled guilty to conspiracy. In all of the extensive research Appellant appears to have done into state and federal law, Appellant must have overlooked the well-established principles of co-conspirator liability.

> The general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. The co-conspirator rule assigns legal culpability equally to all members of the conspiracy. All co-conspirators are responsible for actions undertaken in furtherance of the conspiracy regardless of their individual knowledge of such actions and regardless of which member of the conspiracy undertook the action.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1016-17 (Pa. Super. 2002) (citation omitted).

claim that appellate counsel filed a defective brief when he was unable to establish actual prejudice).

Because Appellant has not established that he suffered any prejudice from direct appeal counsel's failure to cite authority in his brief, Appellant's claim that PCRA counsel was ineffective in withdrawing pursuant to **Turner** and **Finley** rather than litigating that meritless claim also fails. **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

For the above reasons, Appellant has failed to persuade us that any abuse of discretion or error of law on the part of the PCRA court entitles him to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/22/2017