J-S36007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAR'RON SMITH | : | |
| | : | |
| Appellant | : | No. 1996 EDA 2020 |

Appeal from the Judgment of Sentence entered August 27, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004282-2017

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                         **FILED MARCH 2, 2022**

Kar'ron Smith appeals from the judgment of sentence, imposed in the Court of Common Pleas of Chester County, after he entered an open guilty plea to one count of burglary[1] and three counts of robbery.[2]  Upon careful review, we vacate Smith's judgment of sentence and remand for resentencing.

The Commonwealth recited the facts of this case as follows at Smith's guilty plea hearing:

> [O]n or about November 2[,] 2016[,] in the County of Chester, Uwchlan Township[,] [Smith], armed with a deadly weapon and along with another, did enter an occupied structure adapted for overnight accommodation with the residents present and asleep.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(1).

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

He entered with the intent to commit a theft within the residence, and while inside, [Smith] and another did use physical force to restrain several members of the family in the course of taking their belongings. Using zip ties[, Smith] and another . . . bound Luke Wallace, Carter McFadden, Donna [McFadden,] and David McFadden, pistol-whipping Carter McFadden when she was too slow to comply. [Smith] and another moved all the residents into one room to control them, then separated Carter McFadden, took her to another area of the house and stole property; took David McFadden to another area of the house and stole property[;] and then ransacked the home.

During the course of the robbery, [Smith] and another stated to the parents, ["]Which child["] or ["W]hich one do you like better[?"] while brandishing a firearm at Luke Wallace and Carter McFadden. [Smith and his co-conspirator] also informed the victims that[,] if they left and they stepped outside, that they would be sniped. DNA evidence placed [Smith] within the confines of the home at the time of the robbery.

N.T. Guilty Plea Hearing, 12/9/19, at 3-4.

On December 20, 2017, the Commonwealth filed an information charging Smith with 44 counts.[3] On December 9, 2019, Smith entered an open guilty plea to one count of burglary and three counts of robbery. On August 27, 2020, the trial court sentenced Smith as follows: for burglary, 6 to 12 years' incarceration; for each of the first two counts of robbery, 7 to 14 years' incarceration; and for the third count of robbery, five years of

---

[3] Smith was charged with the following offenses: burglary, 18 Pa.C.S.A. § 3502(a)(1); aggravated assault, *id.* at 2702(a)(1); nine counts of robbery, *id.* at § 3701(a)(1)(i), (ii) and (iv); criminal trespass, *id.* at 3503(a)(1)(i); theft by unlawful taking, *id.* at §3921(a); receiving stolen property, *id.* at § 3925(a); four counts of terroristic threats, *id.* at § 2706(a)(1); unlawful restraint, *id.* at § 2902(a)(1); possession of instruments of crime, *id.* at § 907(a); prohibited offensive weapons, *id.* at § 908(a); four counts of recklessly endangering another person, *id.* at § 2705; simple assault, *id.* at § 2701(a)(1); and 15 counts of criminal conspiracy, *id.* at §§ 903(a)(1), (2).

probation. The court applied the deadly weapon used enhancement[4] to Smith's sentences. All sentences were ordered to be served consecutively, for an aggregate term of 20 to 40 years' incarceration.[5] Smith filed a motion to modify sentence, which the trial court denied, following a hearing, on October 16, 2020.

Smith filed a timely notice of appeal[6] and the trial court ordered that he file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

_____

[4] **See** 204 Pa.Code § 303.17(b). Pursuant to the deadly weapon used matrix, Smith—whose offense gravity score ("OGS") was 9 for burglary and 10 for robbery, and whose prior record score ("PRS") was 5—was subject to a standard-range sentence of 66 to 78 months' incarceration for burglary and 78-90 months' incarceration for robbery.

[5] Smith's minimum sentence was capped at 20 years, in accordance with an agreement with the Commonwealth.

[6] Smith filed a timely motion to modify sentence and the trial court held a hearing thereon on September 18, 2020. At the conclusion of that hearing, the court announced on the record its decision to deny the motion and stated its intent to issue a written order by Monday, September 21, 2020. The court's written order was not issued until October 16, 2020. Also on October 16, 2020, apparently in an abundance of caution, counsel filed a notice of appeal from "the judgment of sentence [sic] orally entered on the record in open court on September 18, 2020. This [o]rder is a final order. [Smith] will supplement this [n]otice of [a]ppeal with the written [o]rder and the accompanying docket entry when it becomes available." Notice of Appeal, 10/16/20. On October 19, 2020, counsel filed a supplemental notice of appeal to the order entered on October 16, 2020, denying Smith's post-sentence motions. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (citation omitted). Smith's supplemental notice of appeal was timely filed within 30 days of the entry of the order denying his post-sentence motions. **See** Pa.R.Crim.P. 720(A)(2)(a). We have amended the caption to

*(Footnote Continued Next Page)*

- 3 -

On November 9, 2020, former counsel filed a Rule 1925(c)(4) statement of intent to file a brief pursuant to *Anders*/*Santiago*.[7] However, after current counsel entered her appearance in this Court on November 23, 2020, she filed an application for remand to allow for the filing of a Rule 1925(b) statement. On April 13, 2021, this Court remanded the case to the trial court for the filing of such statement, as well as the preparation of a supplemental Rule 1925(a) opinion by the trial court. Both Smith and the trial court have now complied with Rule 1925. Smith raises the following claims for our review:

> 1. Did the sentencing court err in applying the "deadly weapon used" enhancement to the burglary conviction?
>
> 2. Did the sentencing court err in attributing the pistol whipping of C.M. to appellant[ and w]as this an impermissible factor to consider?

Brief of Appellant, at 6.

Smith first challenges the court's application of the "deadly weapon used" enhancement to his sentence for burglary. Specifically, Smith asserts that, because he did not use the handgun to gain entrance to the property, the court lacked discretion to impose the enhancement to his burglary conviction. *See* Brief of Appellant, at 18-28, citing *Commonwealth v. Tavarez*, 174 A.3d 7 (Pa. Super. 2017) (holding application of "deadly

---

reflect that this appeal lies from Smith's judgment of sentence, entered on August 27, 2020.

[7] *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

weapon used" enhancement to burglary sentence improper where facts established only that appellant possessed firearm when he entered the residence; there was no showing that he used firearm to gain entry into residence or to threaten victims while entering the residence and offense of burglary was complete at moment of entry).

This claim raises a challenge to the discretionary aspects of Smith's sentence. *Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa. Super. 2010) (en banc) ("[A] challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing."). Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Smith failed to raise this claim in his motion to modify sentence. *See* Motion to Modify and Reduce Sentence, 9/2/20 (raising claims related to credit for time served and trial court's allegedly impermissible attribution of pistol-whipping to Smith in fashioning robbery sentence). Accordingly, he has

- 5 -

failed to properly invoke this Court's jurisdiction and we may not reach the merits of this claim. *See Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (failure to raise discretionary aspects of sentencing claim at sentencing or in post-sentence motion results in waiver that is not cured by inclusion of claim in Rule 1925(b) statement).

Smith's second and final claim alleges that the trial court erred in attributing to him, and taking into account, the pistol-whipping of Carter McFadden in sentencing him for robbery, where Smith "did not plead guilty to any crime that included causing bodily injury to another"[8] or admit to the pistol-whipping during his plea colloquy. Brief of Appellant, at 34. Accordingly, Smith argues, the pistol-whipping was an impermissible factor, rendering his sentence invalid. *See id.* at 37, quoting *Commonwealth v. Chase*, 530 A.2d 458, 460 (Pa. Super. 1987) ("Consideration of an improper factor . . . would render the sentence invalid and require that the sentence be vacated and the case remanded for resentencing."). A claim that the court considered impermissible sentencing factors raises a substantial question. *Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006). Accordingly, we may review the merits of his claim.[9]

_____

[8] Smith pled guilty to robbery under section 3701(a)(1)(ii), which provides that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii).

[9] Smith has otherwise properly invoked our jurisdiction by filing a timely notice of appeal, preserving the issue by raising it in his post-sentence motion, and including a Rule 2119(f) statement in his brief. *Allen*, *supra*.

Our standard of review of a claim implicating the discretionary aspects of sentencing is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005), citing

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime."

*Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018), quoting

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

This Court has previously found that, "[i]t is not enough that a trial court simply **entertained** impermissible evidence in its deliberations.  A court is ordinarily presumed to be capable of identifying and properly disregarding all but the most prejudicial and inflammatory evidence." *Commonwealth v. Smithton*, 631 A.2d 1053, 1057 (Pa. Super. 1993) (citation and quotation marks omitted) (emphasis in original). "Thus, a sentence must be vacated only where it reasonably appears from the record that the trial court **relied**

**in whole or in part** upon such an impermissible factor." ***Id.*** (citation and quotation marks omitted) (emphasis in original).

Here, Smith claims that the trial court based his sentence on the erroneous belief that Smith pistol-whipped the McFadden's daughter during the robbery. Smith cites to the following statement made by the trial court prior to pronouncing his sentence:

> In fashioning my sentence I have considered all of these items. There is no doubt, as you pled guilty to having a handgun, **there is no doubt that you used that handgun as a bludgeoning instrument to strike young Ms. McFadden on the head.** And I know that they, and I, only thank God that you didn't fire it. The deadly weapon enhancement will be applied to your standard range, particularly in light of the fact that this is the second use of a handgun in an offense.
>
> *     *     *
>
> I view this particular series of events as three distinct punishable offenses. First of all, you broke into their house at night. For that there has to be some statement by the Commonwealth that we, as a people, do not and will not condone that behavior. Second, you brought a gun and stole things. That cannot be condoned by the Commonwealth. And, thirdly, in my mind, **the third distinctive act was that you struck this young woman in the head and held a gun to her father's head, invoking a level of violence with an apparent disregard for another human life.** Because even you know, Mr. Smith, nobody pulls a gun unless they intend to use it.

N.T. Sentencing, 8/27/20, at 47-48 (emphasis added).

Subsequently, at the hearing on Smith's motion to modify sentence, the trial court stated as follows:

> **Now, the third [factor], which I did consider, was the fact that a person was pistol-whipped. And I may well have said on the record at the time that I believed that Mr. Smith**

- 8 -

**struck the young girl, 16, I believe at the time, resulting in a 10-inch open gash on her head. And I concede that [defense counsel] is correct, that as we go through the sentencing and this open guilty plea and the files, that Mr. Smith never admits to being the one who struck this young girl.** But it is equally a fact, undisputed by anyone, including the defendant, that these are the events that happened. And that as a third event, to break into a house at night, to steal things that belong to another, and to be part of or participate in or be with people where bodily injury is inflicted upon a child, a 16-year-old girl, is an act for which the Commonwealth and the people of Chester County need to be protected from, period.

N.T. Hearing on Motion to Modify Sentence, 9/18/20, at 12 (emphasis added).

Finally, in its Rule 1925(a) opinion, the court defended its sentence as

follows:

The facts . . . indicate that in the midst of this horrible crime, C.M. was pistol[-]whipped and zip-tied along with her family members. The accomplice in this matter was not arrested. And, while this does not suggest that the entirety of the conduct falls on [Smith], the facts remain that a deadly weapon was used and it caused bodily injury as a result. It is within this court's discretion to consider the totality of the events which occurred in the commission of a crime, which were [recounted] by all members of the McFadden family. Simply because [Smith] did not plead guilty to aggravated assault, with which he was charged, does not negate the fact that a young woman was injured with a handgun. Moreover, [Smith] remained an active participant in the commission of this crime[,] which lasted for forty-five (45) minutes. Not only did [Smith] never attempt to stop any of these violent acts; he also threatened that anyone trying to leave the home would be shot by accomplices waiting outside. Accordingly, the sentence was fashioned to reflect the entirety of the events of this case.

Trial Court Opinion, 6/23/21, at 4-5.

In support of his claim, Smith relies upon this Court's decision in

***Commonwealth v. Stufflet***, 469 A.2d 240 (Pa. Super. 1983). There, the

appellant and two other men entered a restaurant at approximately 1:30 a.m.

The two men locked the restaurant employees in a walk-in freezer while appellant ordered the manager, at gunpoint, to open the safe. When the manager was unable to open the safe, one of the other two men took her to a storeroom and raped her. Appellant was convicted of burglary, robbery, and recklessly endangering another person ("REAP"). On appeal, appellant alleged that the trial court considered an improper factor when it took into account, at sentencing, the fact that the manager was raped. Specifically, the court stated the following:

> THE COURT: Here you have an armed robbery. You had a rape by one of them. You had the locking of people into a freezer; all of the earmarks of the 1920's violence, almost, and it is just something that we are unaccustomed to in this area. . . .
>
> We feel the public is entitled to this protection, and we are going to continue to be as vigilant as we can on it.
>
> Is there anything else you would like to say?
>
> [DEFENSE COUNSEL]: Additionally, I would point out to the [c]ourt, Your Honor, that the [c]ourt mentioned in its explanation of the incident that the rape of a woman occurred. Mr. Stufflet was never charged with that in any of the counts of the information.
>
> THE COURT: But he was with the group where it occurred.
>
> [DEFENSE COUNSEL]: I agree, he was with them.
>
> Even the conspiracy charge is not a conspiracy on rape, and I think it would be improper to include that rape in determining what the sentence would be.
>
> THE COURT: I am not including it in the sentence. I am only sentencing on the robbery, but what I am including it in is this whole panorama of the nature of the thing.
>
> [DEFENSE COUNSEL]: I understand what the [c]ourt is saying. I don't feel that should be considered in the panorama, particularly

the rape, when he could have been charged with what could have been conspiracy with the rape. I simply point that out to the [c]ourt.

THE COURT: I agree that doesn't go to the sentence, but I do not agree that does not go to the nature of the crimes in general, and of the general makeup of the particular crime being committed, that it was one of arrogance, and violence, and composed of a group that had no regard whatsoever for anybody, or anything that the [c]ourt has in mind, and is considering.

*Id.* at 241–42. At the hearing on the motion for reconsideration of sentence, a similar exchange occurred:

[DEFENSE COUNSEL]: The second reason for the [motion for r]econsideration of [s]entence, which we feel was improper consideration, at the time the sentence was imposed the [c]ourt indicated it was taking into account the rape [that] occurred[,] not by Mr. Stufflet[,] but by one of the people who was with Mr. Stufflet.

Now, the [c]ourt's . . . statement based on my notes is "that does not go to the sentence but to the crimes in general." I am unclear what the distinction is. I think it is something that the [c]ourt did take into account in determining and in justifying its sentence.

THE COURT: I took into account the nature of the scene you might say. In other words, you have a group here that went out and anticipated an armed robbery. One part of the group was the lookout and part of it was involved with the putting together of the employees and maybe, I'm not sure whether it was one customer, maybe one customer, I don't know. . . . They locked them up in the freezer. One of the fellows that is still missing raped one of the girls.

I took into consideration the type of escape that was involved. I took into consideration the whole scene. It was one to me of lawlessness and a band together.

When I realized that crime was a private and individual thing, particularly when it comes to rape as not being a part of their general plot or plan, but that this was, what I am considering is the complete lawlessness of the entire scene.

[DEFENSE COUNSEL]: I understand that, Your Honor. We feel that in spite of that, in spite of that we feel that taking into consideration actions done by someone other than Mr. Stufflet, particularly the rape when he was neither—I believe he was charged with [c]onspiracy and that was all. He was not found guilty of that. He was only found guilty of [r]obbery, [b]urglary and [REAP]. I think by taking into account actions at the scene [by] another [d]efendant when Mr. Stufflet was not even convicted of the [c]onspiracy, would not be proper. That is the reason we are bringing this before the Court for reconsideration.

THE COURT: The point is, I am not taking it into consideration as though he were also responsible for the rape, because that is a personal crime committed by that person and not within the contemplated scheme of the thing; but the lawlessness and the complete—the choice of words escapes me right now—but it was the complete disregard for anything or anyone around at the time this band of robbers did this. I am considering that, yes.

[DEFENSE COUNSEL]: I understand that, Your Honor. I think our view is that we feel that would be inappropriate.

THE COURT: If that is what you want to appeal on, why that is fine.

*Id.* at 242–43.

This Court concluded that:

We have been unable to escape the conclusion that [the court's] statements are self-contradictory. On the one hand, the [c]ourt purported to recognize that appellant had properly not been charged with, much less convicted of, the rape, and that therefore the rape should not be counted against appellant. But on the other hand, the court made plain that it was counting the rape against appellant.

*Id.* at 243. Because it "appear[ed] that the trial court relied in part upon an impermissible consideration, namely, the rape," *id.*, this Court vacated Stufflet's judgment of sentence and remanded the case for resentencing.

We conclude that *Stufflet* is controlling. Just as the appellant in *Stufflet* was not convicted of rape or conspiracy to commit rape, Smith did

- 12 -

not plead guilty to any crime involving the infliction of bodily injury, or to conspiracy. Nevertheless, at the time of sentencing, the trial court clearly attributed to Smith the pistol-whipping of the McFaddens' daughter. *See* N.T. Sentencing, 8/27/20, at 47 ("There is no doubt, as you pled guilty to having a handgun, **there is no doubt that you used that handgun as a bludgeoning instrument to strike young Ms. McFadden in the head**. . . . The deadly weapon enhancement will be applied to your standard range, particularly in light of the fact that this is the second use of a handgun in an offense.") (emphasis added); *id.* at 48 ("[T]he third distinctive act was that **you struck this young woman in the head** and held a gun to her father's head[.]") (emphasis added). While the pistol-whipping was not the sole basis for the sentence imposed, the record reflects that it was clearly a significant sentencing factor relied upon the trial court. Although the court later conceded at the hearing on Smith's motion to modify sentence that Smith never admitted to the pistol-whipping, the court's *ex post facto* clarification does not negate the fact that, at the time of sentencing, it relied, in part, on an impermissible consideration. Accordingly, we are constrained to vacate Smith's judgment of sentence and remand to the trial court for resentencing in accordance with the dictates of this memorandum.[10] **Smithton**, 631 A.2d at 1057 ("[A] sentence must be vacated . . . where it reasonably appears from

---

[10] While we are obliged, for the reasons stated herein, to vacate the judgment of sentence and remand for resentencing, we should not be understood to express any opinion as to the reasonableness of the trial court's sentence.

- 13 -

the record that the trial court **relied in whole or in part** upon . . . an impermissible factor.") (emphasis in original).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.


Colins, J., Joins this Memorandum.

King, J., Notes her Dissent.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/02/2022